## John L. Wheeler v. George A. Van Sickle.

FILED SEPTEMBER 20, 1893.   No. 4939.

1. **Review**: RULING ON EVIDENCE: OBJECTIONS. An objection
   interposed to a question not answered by a witness does not pre-
   sent for review in this court the propriety of a similar question
   asked at a later stage of the examination and answered without
   objection.

2. **Witnesses**: IMPEACHMENT. Upon a second trial of a case it
   cannot be shown for the purpose of impeachment that upon a
   former trial a witness failed to testify as to certain facts covered
   by his examination upon the second trial, unless it be also shown
   that he was interrogated as to such facts or that his attention
   was otherwise directed thereto.

ERROR from the district court of Lancaster county.
Tried below before TIBBETS, J.

*Lamb, Ricketts & Wilson,* for plaintiff in error.

*Wooley & Gibson, contra.*

IRVINE, C.

The defendant in error recovered judgment in the dis-
trict court of Lancaster county against the plaintiff in error
for commissions claimed to have been earned in procuring
a purchaser for real estate of the plaintiff in error.

The plaintiff in error contends that the court erred in re-
fusing to give the third instruction asked by him. This
instruction was as follows:

"You are instructed that before plaintiff can recover he
must prove by a preponderance of evidence that he was the
procuring cause of making a sale, or of producing a pur-
chaser who is willing, ready, and able to buy on the terms
proposed by the seller. Unless the principal, Birney, au-
thorized his agent, Hitchcock, to accept defendant's offer,

any acceptance by him would not make a sale, and would not entitle plaintiff to his commissions."

The substance of this instruction was given in the second instruction given at the request of defendant in error, and in the first, second, and third instructions given at the request of the plaintiff in error, as well as by the second and third given by the court of its own motion. No error can be predicated upon the refusal of this instruction.

It is next claimed that the court erred in permitting the witness Hitchcock to testify as to the contents of a letter received by him from one Birney, the purchaser whom the defendant claims to have produced. It is claimed that no sufficient foundation was laid for the introduction of secondary evidence. This witness testified that he had received certain letters from Birney subsequently to one introduced in evidence; that he had made search for the lost letter and had not been able to find it. He was then asked to state what the letter contained. An objection was made and overruled, whereupon, without any answer having been given to that question, counsel for plaintiff in error interrogated the witness at some length as to the fact of the receipt of the letter in regard to which inquiry was made. After that examination the witness was again asked the contents of the letter. No further objection was interposed and the questions were answered. The objection to the first question asked is not sufficient to bring the competency of the evidence before this court for review. The examination on the part of the plaintiff in error was in the nature of a cross-examination as to the foundation laid for this evidence, and the objection made before this cross-examination cannot be extended so as to apply to a similar question asked and answered without objection, after the preliminary testimony had taken a different form.

It is urged that the court erred in excluding evidence to the effect that on a former trial of the case in the county court the witness Hitchcock had mentioned no such letter

as that last referred to as having been received and lost. In explanation of this point, it may be well to state that the principal controversy in the case was whether or not the purchaser whom the defendant in error claims to have produced, was willing to take the land upon the terms proposed by Wheeler. A letter from the purchaser to Hitchcock, his agent in Lincoln, was introduced in evidence, but that letter contained reservations and conditions of such a nature as to prevent its being an absolute acceptance of Wheeler's terms. The court instructed the jury to that effect. The defendant in error sought to show that very shortly after this letter was received another had come, absolutely accepting the terms. This was the letter alleged to have been lost.

Hitchcock was asked, on cross-examination, whether in the county court he had testified that he had received a letter and lost it. He said he did not know. He was then asked, "Did you not there testify that this was the letter on which you acted and the only one you had from him after you sent him Wheeler's proposition?" He was also asked whether he testified anything about it and whether he stated its contents. To all of these questions he answered in effect that he could not remember.

Mr. Wheeler in rebuttal was asked: "Did he (Hitchcock) in that examination and trial claim that there was another letter on which he acted, except the one in evidence in this case?" This was objected to, as incompetent and immaterial, and because no evidence had been produced that Hitchcock had been interrogated relative to any such matter. Plaintiff in error then offered to show that Hitchcock, during his examination in the county court, made no allusion to any letter except the one in evidence, and made no claim to having acted under the authority of any other letter. We think the trial judge was right in excluding this evidence. The foundation which would have justified impeaching evidence was in the question quoted, wherein

Hitchcock was asked whether he did not testify that the letter in evidence was the one on which he acted and the only one. There was no offer to produce any such evidence, but simply an offer to show that Hitchcock had not, in fact, testified in regard to any other letter, and there was no offer to show that he did testify that the letter in evidence was the one upon which he acted, or that he testified that there was no other letter, or that his attention was called in any way to the subject of the second letter. Certainly no inference can be drawn against the credibility of a witness's testimony because upon a former trial of the case he remained silent upon a subject upon which he had never been interrogated, and to which his attention was not directed. It is not the duty of witnesses to volunteer testimony, and their failure to do so cannot be shown for the purpose of impeaching them.

It is alleged that the verdict was not sustained by the evidence. It would be useless to review the evidence in detail. We have examined it carefully, and while upon one or two points we are not satisfied that the jury reached the correct conclusion, we think there was sufficient evidence before them to sustain their verdict, and that under the rule established in this state it cannot be disturbed.

JUDGMENT AFFIRMED.

THE other commissioners concur.