## JAMES S. REED, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED MARCH 13, 1915. No. 17993.

1. **Damages: PERSONAL PROPERTY: MEASURE OF DAMAGES: EVIDENCE.** In an action to recover damages to personal property, if there is substantial evidence that the whole damage was caused by the

defendant's negligence, the plaintiff should be allowed to prove the value of the property before and its value after the injury complained of, since this would be the true measure of damage if the jury find that the defendant's negligence caused the entire damage.

2. Contributory negligence is an affirmative defense, and cannot be proved unless alleged in the pleadings.

3. Appeal: MISCONDUCT OF JURY. When a case has been submitted to the jury for a verdict, it is improper for them to separate without permission of the court, and if some of the jurors leave the officer in whose care the jury has been placed, and go to a saloon and drink liquors, it is misconduct; but if it appears that such jurors were within view of the officer, that they conversed with no one, and did not become intoxicated, and there is nothing to show prejudice to the party complaining by such misconduct, or that the other party was aware thereof, it will not require a reversal of the judgment.

4. Eminent Domain: RAILROADS: CONSTRUCTION: DAMAGE TO REALTY. Damages to real estate caused by the proper and necessary construction of a railroad accrue when the road is built; but if the road is improperly and negligently constructed, and property is injured because of such negligence, the action for such damage accrues when the damage occurs.

5. Damages: SUFFICIENCY OF EVIDENCE. The evidence is found to support the verdict and judgment.

APPEAL from the district court for Harlan county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*Byron Clark, W. S. Morlan, R. L. Keester* and *E. E. Whitted,* for appellant.

*John Everson* and *O. E. Shelburn, contra.*

SEDGWICK, J.

Some of the matters discussed in the briefs in this case were decided in a former action between the same parties. *Reed v. Chicago, B. & Q. R. Co.,* 86 Neb. 54. That action was for damages caused by high water in 1905, and as in this case the damages, it was alleged, resulted from the negligence of the defendant in the construction of its road. The situation of the premises and the location and construction of the road are stated in that opinion and will

Reed v. Chicago, B. & Q. R. Co.

therefore not be repeated here. The damage then done by the flood to the railroad grade and culvert were repaired by defendant, and in August, 1911, the plaintiff's crops and personal property were again damaged, and he brought this action in the district court for Harlan county, again alleging the negligent construction of the road as the cause of the injury. There was a verdict and judgment in his favor, and the defendant has appealed.

The first objection is that the court erred in allowing plaintiff, in proving his damages, to give evidence as to the value of his property before and after the injury. It is said that this was not the proper measure of damages, because the property would have been damaged to some extent by the natural action of the flood if no railroad had been there. The plaintiff offered evidence tending to prove that the whole damage was caused by the negligent construction of the road. The proof was sufficient to require that his theory of the case be submitted to the jury, and the evidence objected to was therefore competent. It does not appear that the construction of the road has been substantially changed since the damages occurred which were considered in *Reed v. Chicago, B. & Q. R. Co., supra*. The reasons there stated for supporting a finding that the negligent construction was the cause of the injury need not now be repeated.

When the plaintiff had rested and the defendant was introducing evidence, the plaintiff asked leave to withdraw his rest and introduce in evidence a map which he produced. The defendant objected to this for several reasons: First, because it was not proper rebuttal testimony, and should have been offered, if competent, in chief; second, because it is not sufficiently identified and authenticated, and that no foundation had been laid for its introduction. The court overruled this objection and the map was received in evidence. This map purports upon its face to be published by a disinterested publishing house. It relates to the physical conformation of the territory involved, a matter that could be established readily without question. It does not appear from the record that the de-

fendant was unprepared to meet such testimony, and it seems clear that the court did not err in receiving the evidence.

The defendant contends that the storm was so unusual and the rain fell so excessively that it must be considered as the "act of God," and that the damage would have occurred without regard to the construction or existence of the railroad. But that question was satisfactorily submitted to the jury upon substantially conflicting evidence, and must be considered as determined by their verdict. There was no allegation of contributory negligence in the answer, and the defendant was not at liberty, therefore, to rely upon such defense.

The defendant insists that there was misconduct of the jury which requires a reversal. It appears that there was misconduct both of some members of the jury and the officer who had the jury in charge. After the case had been submitted to the jury for their verdict, the officer in charge, while conducting the jury to their hotel, permitted two of the jurors to go some distance from the care of the officer to a saloon for the purpose of obtaining intoxicating liquors. It appears that they entered a saloon and did obtain and drink the liquors there. The question is whether it sufficiently appears from this record that this misconduct of the officer and jurors was so prejudicial to the cause of the defendant as to require a reversal. It appears that these jurors were not in the saloon but a very few minutes; that they could be seen and were watched by the officer while there; that they had no conversation with any persons; that they did not become intoxicated or under the influence of the liquors which they drank; and that the plaintiff had no knowledge of this misconduct and did not participate in it. We cannot say that the trial court abused its discretion in holding that it did not sufficiently appear that the defendant's cause was prejudiced by this misconduct.

It is contended that the court erred in allowing the plaintiff to testify as to the effects of the flood on his buildings, fences, lands, and improvements. Of course, dam-

ages to the land itself caused by the necessary and proper construction of the railroad would accrue when the road was built, and not from time to time as those damages might appear; but if the road is improperly and negligently constructed, and property is injured because of such negligence, the action for such damage accrues when the damage occurs. Moreover, it seems that this evidence, if incompetent, was not prejudicial to the defendant. The jury were required to find the damages to personal property and the damages to the land and dwelling house separately. They did so in their verdict, and found that there was no damage by this flood to the land and dwelling house, and that the damage to the personal property was $1,000, and assessed the plaintiff's recovery in that sum accordingly. The recovery was limited to damages caused by the improper and negligent construction of the road.

It is not contended that there was error in the instruction of the court. The evidence supporting the issues so presented is not so deficient as to require a reversal.

The judgment of the district court is therefore

AFFIRMED.

MORRISSEY, C. J., not sitting.

SEDGWICK, J.

There is another question presented in this case which the writer of the opinion thinks ought to be discussed and determined. In its discussion I speak for myself alone, and not for the court.

The plaintiff contends in the brief that the question of the competency of the map above referred to as evidence is not properly presented, because he says no objection was made to its reception and no exception was taken to the ruling of the court. If this contention of plaintiff was sustained, it would not be necessary to determine the competency of this evidence, since the error, if any, in receiving it would have been waived by failure to make objection. Naturally, we would first determine whether the question of its competency was presented before passing upon that question. It was therefore a question essential to the de-

termination of the case and was fully presented in the briefs. I do not think we ought to evade this matter now. We ought to determine whether the objection of defendant to the reception of this evidence was sufficient to raise and have determined the question of its competency. This is the more important, it seems to me, because the records that come before us show that there is a general misapprehension among the members of the bar, and perhaps also among the trial courts, as to the construction that this court has put upon the statute. We must not allow useless technicalities to prevent justice, nor even to occupy the time of the courts to the exclusion of matters of importance. The record in this case shows the following: "Plaintiff asks leave to withdraw rest and introduce exhibit (the map) on examination in chief. Defendant objects to the plaintiff withdrawing his rest for the purpose of introducing his exhibit 1 at this time, as incompetent, irrelevant, immaterial and no foundation laid. Objection overruled. Defendant excepts. Plaintiff's exhibit 1 was thereupon offered in evidence." If the evidence was incompetent, the court would not, of course, allow the rest to be withdrawn for the purpose of putting the exhibit in evidence. The court, therefore, passed upon the competency of the evidence over the objection of defendant, and the evidence was admitted. To again make the same objection, and then enter a formal exception to the ruling of the court, would not make it any clearer that the defendant objected to this evidence as incompetent and the court admitted it notwithstanding the defendant's objections.

The plaintiff cites *Moore v. Jacobs,* 64 Neb. 72, in which the correct rule is stated as follows: "The objections argued in the brief   *   *   *   were in nowise presented to the trial court, and therefore we cannot consider them on this appeal." The rule that objections will not be considered here, unless they are presented to the trial court, necessarily follows from the universally applied rule that this court will not consider and determine questions that were not before the trial court and by it tried and determined. The ruling, if rightly understood and applied, is

necessary to the proper administration of justice, and cannot be abandoned without impairing the efficiency of the trial courts, to the great injury of litigants.   No established form of words is indispensable in presenting to the trial court those questions which may materially affect the rights of the parties in the trial of the case.   If it appears from the record that the trial court did in fact, against the wish of the party injured, allow incompetent evidence, the verdict so obtained would not be allowed to stand, unless it also appears upon the record that the party complaining was not materially injured thereby.   If one party to the litigation offers incompetent evidence, and the other party by silence and failure to object does not in any way acquaint the court with the fact that he considers it objectionable and desires it excluded—that is, if objection is in nowise presented in the trial court—he will not be allowed afterwards to assert that he has been prejudiced by such testimony.   Under such circumstances the court is justified in presuming that both parties desire to have the evidence in the record.   The necessity of taking exception and of entering objections upon the record arises entirely from this rule of law, and when it plainly appears from the record that the court has intentionally ruled upon the question, knowing that the party injured is contending that the ruling is erroneous and prejudicial, the failure to formally note the word "exception" upon the record would be immaterial.   It appears from this record that the court was aware that the defendant objected to this evidence as incompetent, and that the evidence was allowed over the objection of the defendant.

The case of *Dunbier v. Day,* 12 Neb. 596, decided more than 30 years ago, is perhaps the leading case on this subject.  In the opinion the court say:   "As to the witness Inglehart, no exception appears to have been taken to the overruling of the objection to the admission of this testimony."   This was an unfortunate expression.   It implies that there is a difference between an objection and an exception, and that when an objection is made upon sufficient ground, and the same is overruled, there must also

be an exception. The statute says: "An 'exception' is an objection taken to a decision of the court upon a matter of law." Rev. St. 1913, sec. 7876. "No particular form of exception is required. The exception must be stated, with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible." Section 7878. An exception is an objection and the objection to the ruling of the court is the exception that the statute requires. Judge Lake shows in the opinion that he realized this, for he says: "For aught that appears in the bill of exceptions, counsel was entirely content with the ruling against him." This statement is the key to the situation. The object of the exception or objection, by whatever name it may be called, is to show to the court that the litigant believes that a certain proposed procedure would be prejudicial to his rights; that it would be unlawful, and the reason for supposing it to be unlawful and that he protests against it. If the record shows this, and that the court nevertheless determines the matter against the party so objecting, the court on review should consider whether such ruling was erroneous and prejudicial. Of course, counsel should not leave his position in doubt. It should appear without equivocation whether counsel objected to the ruling at the time or acquiesced therein.

The next case is *Pettit v. Black*, 13 Neb. 142. The rule is stated in the syllabus: "Unless exceptions have been taken in the trial court to the admission or refusal to admit testimony, no error can be predicated thereon." And in the opinion Judge Maxwell said: "We find no exceptions taken on behalf of Mrs. Pettit to any of the evidence introduced"—which shows that he was referring to the exception defined in the statute, which is an objection. If a party allows evidence to be given without challenge, he cannot afterwards complain. This was the condition that Judge Maxwell was speaking of.

In *Wheeler v. Van Sickle*, 37 Neb. 651, objection was made to the admission of a writing on the ground that no foundation had been laid. After the objection was made, "counsel * * * interrogated the witness at some

length," with the view to laying a sufficient foundation. Then the writing was again offered. Of course, if the objecting party did not concede that his objection had been obviated by this additional evidence, he would have so informed the court by renewing his objection. There are many other decisions in which the question is mentioned, but these are perhaps sufficient to illustrate my meaning. I think that the following should have been included in the syllabus of the opinion:

When objections argued in the brief have been "in nowise presented to the trial court," they cannot be considered in this court. But no established form of words is indispensable in presenting to the trial court those questions which may materially affect the rights of the parties in the trial of the case. If it appears from the whole record that the trial court did in fact, against the wish of the party injured, allow incompetent evidence, the verdict so obtained would not be allowed to stand, unless it also appears upon the whole record that the party complaining was not materially injured thereby.

When it plainly appears from the record that the court has intentionally ruled upon the question, knowing that the party injured is contending that the ruling is erroneous and prejudicial, the failure to formally note the word "exception" or "objection" upon the record would be immaterial.