## RAILWAY EXPRESS AGENCY, INCORPORATED, *v.* VIRGINIA.

No. 55. Argued January 19, 1931.—Decided February 2, 1931.

*Mr. Albert M. Hartung,* with whom *Messrs. Wyndham R. Meredith* and *Harry S. Marx* were on the brief, for appellant.

442

*Mr. Collins Denny, Jr.,* Assistant Attorney General of Virginia, with whom *Messrs. John R. Saunders,* Attorney General, and *Edwin H. Gibson,* Assistant Attorney General, were on the brief, for appellee.

Mr. Justice Holmes delivered the opinion of the Court.

This is an appeal from a judgment of the Supreme Court of Appeals of Virginia affirming an order of the Corporation Commission that denied to the appellant a certificate of authority to do an intrastate express business in Virginia. 153 Va. 498. The appellant was incorporated in Delaware, in December, 1928, and was given by its charter not only power to engage in international, interstate and intrastate express business, but other most extensive ones to own personal and real property and to engage in other collateral undertakings. Its stock was to be owned by railroad corporations. It has bought the business and assumed the liabilities of the American Railway Express Company, and is an agency of railroads throughout the United States. The appellant's right to do interstate business is not questioned, but it was held by the Supreme Court of Appeals that being a foreign corporation created since the Constitution of the State went into effect in 1902, it was prohibited by that instrument from doing intrastate express business by the plain words of section one hundred and sixty-three. The appellant says that so construed the prohibition is a direct burden upon the interstate commerce which is its principal business, and therefore is void. It also invokes the Fourteenth Amendment for some help.

There is not here, as there was in *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1, and *Pullman Co.* v. *Kansas,* 216 U. S. 56, a deliberate attempt to use the State's powers as the means for attaining the unconstitutional result of taxing property outside the State. *Western Union Telegraph Co.* v. *Foster,* 247 U. S. 105, 114. Virginia is not attempting to go beyond its power by indirection or to take anything from anybody. It simply is refusing to grant a foreign corporation a permit to transact local business without taking out a charter from the jurisdiction within which that business must be done. There is no substantial evidence that the refusal would impose a burden on interstate commerce and it is presumed to be constitutional. *O'Gorman & Young, Inc.* v. *Hartford Fire Insurance Co., ante,* p. 251. We may add that as suggested by the State Court the difficulties created by the Constitution of Virginia probably will not prove hard to overcome when it is found that they must be met.

The objection based on the Fourteenth Amendment is that the requirement of the Virginia Constitution deprives the appellant of its right to sue in the federal courts and to remove suits to them on the ground of diversity of citizenship. This plainly is inaccurate. The appellant is not deprived of any rights. It can do all that it ever could. If it sees fit to acquire a new personality under the laws of Virginia it cannot complain that the new person has not the same rights as itself. Of course there can be no suggestion here that the clause in the State Constitution was adopted for a sinister end. And, unless it was, the inability of the new State corporation to do all that the appellant could have done is only the legitimate incident of a legitimate act.

*Judgment affirmed.*