Public Service Commission, } No. 3615.
Nov. 6, 1946.

BELLOWS FALLS HYDRO-ELECTRIC CORPORATION
NEW ENGLAND POWER COMPANY
CONNECTICUT RIVER POWER COMPANY
*v.*
STATE.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Hollis* orally), for the plaintiff.

*Ernest R. D'Amours*, Attorney-General and *Gordon M. Tiffany*, Law Assistant (*Mr. D'Amours* orally) for the State.

KENISON, J. The statutes regulating public utilities require prior approval of the Public Service Commission before engaging in business within the state (R. L., c. 289, s. 21), and specifically provide as to foreign corporations as follows:

"22. FOREIGN CORPORATION. No permission under the preceding section shall be granted to any corporation not organized under the laws of this state, and no authority to transfer or lease the franchises, works or system, or any part of the franchises, works or system of any public utility in this state to any such corporation shall be granted under section 28.

"23. EXCEPTIONS. The provisions of the preceding section shall not apply to any corporation operating a public utility plant in this state on June 1, 1911, or doing or desiring to do an interstate business."

The prohibition in section 22 clearly prevents a foreign corporation from engaging in a purely intrastate public utility business. *Railway Express Co.* v. *Virginia*, 282 U. S. 440. The exception in section 23 plainly recognizes the right of a foreign corporation to engage in an interstate public utility business within the state. *Western Union Tel. Co.* v. *Kansas*, 216 U. S. 1. These sections become ambiguous as applied to the right of a foreign corporation doing or desiring to do an interstate business and in addition doing an intrastate public utility business. The question has not heretofore been decided in this jurisdiction and no decision construing a similar statute has been

discovered. The history of the act throws no light on the legislative intent since these sections have undergone no substantive change in subsequent revisions since its origin in Laws 1913, c. 145, s. 13. See P. L., c. 240, ss. 22, 23; R. L., c. 289, ss. 22, 23.

An examination of the administrative construction of these sections, while not conclusive, is of some aid. At an early date a petition by New England Power Company to do a limited business as a public utility in this state was opposed because the petitioner was a foreign corporation. The petition was dismissed without prejudice and authority granted to Connecticut River Power Company of New Hampshire, a domestic corporation. 7 N. H. P. S. C., 7, 529 (1918). In *Vermont Hydro-Electric Corporation & Claremont Power Co.*, 7 N. H. P. S. C. 270, 273 (1919), *Gunnison*, Chairman, declares that "to have a New Hampshire utility owned by a foreign corporation" is "contrary to the general policy of our law." To the same effect, see 12 N. H. P. S. C. 325, 328 (1929), in which it is said that the acquisition by a foreign corporation of utilities operating in New Hampshire "does violence to the spirit of the laws of this state." The foregoing statements are expressly approved in 18 N. H. P. S. C. 403, 405 (1936), and *Smith*, Chairman, declared (*p.* 408) that "generally speaking, it is in the public interest that New Hampshire utilities be operated by domestic corporations subject in all respects to the laws of this state and to the jurisdiction of [the Public Service Commission] and, further that such is the legislative intent. . . . " See also, 25 N. H. P. S. C. 301, 303 (1943), in which it is said: "The goal sought was to make certain that the powers of the State to regulate and control the utilities serving necessities to its people, would be as nearly exclusive as could be made."

All the cases quoted involve a transfer of domestic utilities to a foreign corporation doing an interstate business which was allowed on the condition, among others, that ultimately the transferred properties in this state would be owned and operated by a domestic corporation. Thus the administrative interpretation, accepted apparently without question for more than a quarter of a century, gives added weight to the literal wording of section 22 which excludes foreign utilities from the state and limits section 23 to corporations doing or desiring to do an interstate business only. In effect the 1913 Legislature adopted a policy of excluding, so far as constitutionally permissible, that which they could not adequately control in the public utility field.

Subsequent related statutes, as bearing upon legislative intent without considering their application or validity, gave the Public

Service Commission greater regulatory power but evidence no purpose to favor foreign public utility corporations. See Laws 1919, *c.* 94 (R. L., *c.* 291, *s.* 15), regulating security issues following the decision *In re Fryeburg Water Company*, 79 N. H. 123, and Laws 1933, *c.* 182 (R. L., *c.* 305) regulating public utility affiliates following the decision in *State* v. *New Hampshire Gas & Electric Company*, 86 N. H. 16.

Since the 1935 Amendment to the Federal Power Act (16 U. S. C. A., *s.* 792, *et seq.*), the dividing line between the jurisdiction of the Federal Power Commission and state commissions remains somewhat obscure as a result of the divided opinions in *Jersey Central Co.* v. *Federal Power Commission*, 319 U. S. 61 and *Connecticut Light &c. Company* v. *Federal Power Commission*, 324 U. S. 515. Commentators have not regarded the issue as crystal clear.* We do not regard the present difficulty of divining what may be interstate on the one hand and local on the other hand as sufficient reason for construing our statutes contrary to their original intent in order to avoid a jurisdictional question which may never arise.

The question transferred for decision is answered in the negative.

*Petition dismissed.*

All concurred.

---

*    *Powell, Physics and Law . . . , 58 Harv. Law Rev. 1072-1093; Recent Developments in Public Utility Regulation, 36 Am. Economic Rev. 384-450 (1946); Benton, Jurisdiction of the Federal Power Commission and of State Agencies in the Regulation of the Electric Power and Natural Gas Industries, 14 Geo. Wash. Law Rev. 53-80. See *Arkansas Power and Light Company* v. *Federal Power Commission*, 156 Fed. (2d) 821, Certiorari Granted October 28, 1946 (15 LW 3168); 14 Geo. Wash. Law Rev. 174.