LUTHER P. WILSON *v.* RALPH E. DYER ET AL.

(75 A2d 677)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Lee E. Emerson* for the plaintiff.

*Graves & Mehlman* and *Ernest E. Goodrich* for the defendants.

BLACKMER, J. This is an action of tort for the conversion of seven separate articles of sawmill machinery. The plea was the

general denial, and trial was had by jury. On the trial five distinct factual situations developed. There was a 14" moulder, the plaintiff's claim being that it became his property as a commission for services rendered the defendants, the defense being that the plaintiff never had either title or right to possession. A 6 inch C. B. Rogers flooring machine and a Chase top saw the plaintiff said he loaned to the defendants, defendant Dyer claimed that the defendants had purchased these articles from the plaintiff. A clapboard planer the parties agreed was loaned by the plaintiff to the defendants, but the latter introduced evidence that concerning it there had never been a demand and refusal. The plaintiff claimed that he loaned the defendants a long arbor with pulleys, a slide dog, and also wood rolls with dogs; the defense was that these items were gifts. There was a Lane dog, so-called, which the plaintiff testified he loaned to the defendants; the counter-evidence was that the defendants had purchased it from the plaintiff's son. The jury rendered a general verdict for the defendants, judgment was entered thereon, and the plaintiff carries his exceptions here.

The plaintiff's first two exceptions are considered together. In his opening statement, defendant Dyer's counsel said to the jury "I think it may appear that he (the plaintiff) has brought a contract suit here, but that isn't the one on trial." Exception thereto was taken as immaterial, prejudicial, misleading and in the nature of argument. During trial the plaintiff testified that the C. B. Rogers flooring machine was on loan to the defendants. Thereafter the defendant Dyer testified that the defendants had bought the machine from the plaintiff. Later still the same defendant was permitted to testify, subject to exception on the ground of immateriality, that the plaintiff had sued him in contract for unpaid purchase money for this Rogers machine. The evidence excepted to was relevant and admissible under the rule in *State* v. *Vadney*, 108 Vt 299, 301, 187 A 381 and *Gilfillan* v. *Gilfillan's Estate*, 90 Vt 94, 101, 96 A 704. This being so, mention of it in the opening statement was correct. *Williams Mfg. Co. et al* v. *Insurance Co. of N. A.*, 93 Vt 161, 172-173, 106 A 657. These exceptions are not upheld.

The plaintiff was recalled as a witness in rebuttal. In cross examination the defendant Dyer's counsel asked this question: "And yet you sued him (referring to the defendant Keeler) for $6000.00 and had his body arrested in that action, is that right?"

The reference was to the action on trial, in which Dyer and Keeler were joint defendants. On objection the question was excluded. Thereafter, during the argument of defendant Dyer's counsel the following exception was taken:

> Mr. Emerson: I except to the argument that "the next thing we knew about it is this body action for $6000.00." It is manifestly an inflammatory argument made with the intent of prejudicing this jury against this plaintiff.
> The Court: Very well. I don't think that the attorney will do anything to inflame this jury, but you may have an exception. (To defendants' counsel) Go ahead.

The defendant Dyer makes claim that there is nothing to show that this exception accurately quoted the argument to which it was taken. This claim cannot be upheld. The record on appeal with us imports absolute verity. *Higgins* v. *Metzger,* 101 Vt 285, 297, 143 A 394. It is a matter of common knowledge in the legal profession that the stenographic reporter usually does not report arguments of counsel unless and until, as here, an objection is interposed. And further, the then tacit acquiesence by both the trial court and defendant Dyer's counsel to the form of the objection furnishes a sufficient voucher for its accuracy.

The argument complained of carried with it the inference that the defendants' bodies would be held to respond to any judgment against them. This is particularly so since the matter of arrest of the body had been injected previously, and gratuitously, into the case. The situation is like that in *Fadden* v. *McKinney,* 87 Vt 316, 328, 89 A 351, where reference was made in argument to a fact already improperly stated in the presence of the jury, resulting in a reversal. The argument under discussion was an appeal to sympathy based on matter not in evidence, and which could not in any legitimate way have been brought to the attention of the jury.

We have repeatedly held that it is improper for counsel to make statements intended to get before the jury facts not entitled to be given in evidence. *Douglass* v. *Carr,* 80 Vt 392, 397, 67 A 1089; *Hall* v. *Fletcher,* 100 Vt 210, 213, 136 A 388; *Landry* v. *Hubert,* 100 Vt 268, 276-277, 137 A 97; *Horicon* v. *Langlois' Estate,* 115 Vt 470, 477, 66 A2d 16, 9 ALR2d 195. Moreover, an

argument like the one in question was expressly condemned in *Taplin & Rowell* v. *Stanley,* 102 Vt 398, 402, 148 A 750. Therein it was said, at p. 402, that the result of the verdict had no bearing on the question of the defendant's guilt or innocence of conversion. To the same effect is *Davis* v. *Randall,* 85 Vt 70, 73, 81 A 250, 251: "With the consequences of their findings the jury had nothing to do, and a consideration thereof would be improper." The argument in the present case, as was that in *Northern Trust Co.* v. *Perry,* 104 Vt 44, 49, 156 A 906, 908, "was beyond the scope of legitimate advocacy."

Under the circumstances it is to be taken that the argument was intentional. The previous injection of body arrest by way of question, as noted above, so indicates. Had this argument been an unintentional mistake counsel should and would have corrected it as soon as the objection was made. *Rachau* v. *Rutland R. R. Co.,* 71 Vt 142, 148, 43 A 11, 76 Am St Rep 761. The allowance of an exception was tantamount to an express ruling that the argument was proper. *Hall* v. *Fletcher,* 100 Vt 210, 213, 136 A 388; *Landry* v. *Hubert,* 100 Vt 268, 277-278, 137 A 97; *Duchaine* v. *Ray,* 110 Vt 313, 321, 6 A2d 28. But the trial court did not leave its approval of the argument to rest in inference only. The jury could not have mistaken, from the court's supplemental remarks, that the court gave the argument its approbation, and that it was regarded proper for their consideration.

Were the rights of the plaintiff injuriously affected? Error works a reversal only when the record satisfies this Court that the rights of the excepting party have been injuriously affected. *Duchaine* v. *Ray, supra*; *Long* v. *Leonard,* 113 Vt 258, 262, 32 A2d 679.

An examination of the transcript shows that the issue of liability was hotly contested. If we could say, as was said in *Seward* v. *First National Bank,* 193 Miss 656, 8 S2d 236, that the argument was harmless in view of the great preponderance of evidence in favor of the jury's verdict, that would be one thing. But here the weight of the evidence seems to be in favor of the plaintiff on one or more of the items in question.

In this case there is no way of knowing the precise effect which the argument had, because that effect is buried in a general verdict for the defendants. We cannot say that the jury was not influenced by it. Nor can we say that the trial was not rendered

unfair thereby. See *Lamy* v. *Demers,* 77 NH 563, 94 A 262. As the argument was prejudicial, it is taken to have prejudiced, for presumptions go against the wrongdoer. *Herrick* v. *Town of Holland,* 83 Vt 502, 512-513, 77 A 6. The position taken in *Currier* v. *Robinson's Estate,* 61 Vt 196, 212, 18 A 147, 152, is repeated and approved: "Courts cannot be too careful in restricting the arguments of counsel to legitimate evidence." Harmful error affirmatively appears.

It has been noted that the jury was confronted with five different factual situations for their resolution. The plaintiff's counsel argued to the jury that if they returned a general defendants' verdict of not liable, no one could tell upon which of the issues the verdict turned. The argument was objected to on the ground that "It is nobody's business what the jury do or why they do it." The trial court ruled that the argument should not be prosecuted further, adding that no request had been made for any special verdicts, and that the element on which the jury reached a general verdict is immaterial. The plaintiff was granted an exception to the ruling that the argument should not proceed further.

██. The plaintiff now claims that he was entitled to argue to the jury the necessity for a special verdict. It is true that the matters to be submitted were of sufficient complexity to justify the court in requiring a special verdict or the answering of special interrogatories, either on request of counsel or on its own initiative. *Bailey* v. *Central Vt. Ry. Inc.,* 113 Vt 433, 440, 35 A2d 365; *Pitts* v. *Howe Scale Co.,* 110 Vt 27, 36, 1 A2d 695; *Spaulding* v. *Robbins,* 42 Vt 90, 93; 64 CJ Trial § 921. Also it is the law that the jury had the right to return a special verdict on its own initiative. V. S. 47, § 1730, which had its origin in the Revision of 1787 at page 28, is declaratory of the common law, and that law recognizes the right. 53 Am Jur Trial § 1064; 64 CJ Trial § 918. The procedure has not gone unrecognized in our practice. See *Billings Slate & Marble Co.* v. *Hanger,* 62 Vt 160, 19 A 231, where the jury volunteered a special finding with their general verdict.

██ The fundamental trouble with the plaintiff's position is that he did not indicate to either the court or jury that he desired a special verdict or special findings. This remained so even after the trial court commented, in making its ruling, that no special verdicts had been requested. As long as it appeared that the plaintiff's argument was addressed only to an expected general ver-

dict, the trial court's ruling was sound. We will not put the trial court in error on a point not made below. *State* v. *Lindsay,* 110 Vt 120, 123, 2 A2d 201; *Abel's Inc.* v. *Newton,* 116 Vt 272, 74 A2d 481.

The plaintiff claims further in this connection that his counsel was entitled in argument to assist the jury in dividing up its verdict as to the different factual situations presented, and so he was. But that, in itself, does not make the argument under question proper. There is nothing in the record which indicates that the trial court would have interfered with an argument properly directed to the end suggested.

 The plaintiff requested the court to charge the jury, in substance, that if they found that the plaintiff had done certain enumerated proprietary acts with reference to the 14 inch moulder, and if these acts were known to both defendants and participated in by the defendant Keeler, this was evidence sufficient to indicate that the defendants considered the moulder to be the property of the plaintiff. This was a request for a comment by the court on the evidence. Compliance therewith was discretionary. *Sawyer* v. *Phaley,* 33 Vt 69, 73-74; *Rowell* v. *Fuller,* 59 Vt 688, 695, 10 A 853; *Seviour's Admr.* v. *Rutland R. R. Co.,* 88 Vt 107, 110, 91 A 1039. What the defendants "considered" was not a substantial issue in nor an essential part of the case, and the court was not bound to make every conceivable comment on the evidence. *Andrews* v. *Aldrich,* 104 Vt 235, 239, 158 A 676; *Gould* v. *Gould,* 110 Vt 324, 330, 6 A2d 24. No error appears.

 Defendant Dyer testified that he and defendant Keeler bought the C. B. Rogers flooring machine from the plaintiff, and that plaintiff's exhibit one was given him by the plaintiff at the time of the supposed sale. The exhibit was then offered by the defendant Dyer as corroboration of his testimony, and was received for that purpose. Plaintiff's exhibit one is an unsigned receipt in these words and figures:

"March 20th—47

Recd of Ralph E Dyer and Chas A Keeler $800.00 for C. B. Rogers Floor Machine"

The plaintiff requested the court to charge that the handing over of this unsigned paper, if found, did not pass title to the machine, and excepted to the court's refusal. All that need be said is that

no evidence was introduced nor claim made that it did so pass title. 64 CJ Trial § 666; *Smith* v. *Central Vt. Ry. Co.,* 80 Vt 208, 219, 67 A 535; *State* v. *Lapan,* 101 Vt 124, 141, 141 A 686. There was no error.

Since the case must be remanded for another trial it is unnecessary to consider plaintiff's claim concerning the denials of his motion to set aside the verdict and his petition for a new trial.

*Judgment reversed and cause remanded.*