# State of Vermont v. Carl M. Boivin

[575 A.2d 203]

No. 87-577

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed May 11, 1990

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, *William A. Nelson*, Appellate Defender, and *Ricardo Larks*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Barney, C.J. (Ret.), Specially Assigned.** The defendant contends that evidence relevant to his defense was erroneously excluded, resulting in his conviction of unlawful mischief for vandalizing a truck. We reverse and remand for a new trial.

A witness for the State, nephew of the owner of the truck, testified that at about three o'clock on a certain afternoon the defendant was seen walking around and apparently touching the truck as it sat in the parking lot of an apartment house in

Winooski, Vermont. Later that day, the owner of the truck examined it and found scratches all over it, particularly on the cab, and found that rocks had been thrown inside. The damage was estimated to be about $1,800. A witness stated that sometime after 3:00 p.m. the defendant was seen entering a light blue car and driving away.

The defendant lived in the apartment house, and his quarters were no more than thirty feet from the parking lot. He offered testimony that he walked through the lot at about the time he was said to have been seen there, accompanied by witnesses who would state that he never touched the truck. He then proposed to prove, by his own testimony and that of others, that he had gone to the apartment where he had remained all afternoon.

This last evidence was held by the trial court to constitute an attempt to prove an alibi within the terms of V.R.Cr.P. 12.1, and therefore was excluded under V.R.Cr.P. 12.1(e) for failure to comply with the notice requirements of V.R.Cr.P. 12.1(a).

■ The immediate question, duly raised by the defendant, is whether such evidence in fact constitutes "alibi" evidence. In the law, "alibi" evidence relates to defendant's claim that he was at a place so removed from the scene of the crime that it rendered his participation improbable, if not impossible. *State v. Ovitt*, 126 Vt. 320, 327, 229 A.2d 237, 242 (1967). In view of the burden of proof imposed on the State in criminal cases, claims of distance first raised at trial are so unpredictable and subject to such manipulation that the law has compensated by imposing a burden of notice on the defendant.

■ This was not a case where special notice to the State was required, however. Defendant did not claim he was not at the scene of the crime when a witness for the State said it was committed, at three o'clock. If the State should claim the crime was committed later in the afternoon, the evidence undeniably placed the defendant no further than thirty feet from the scene of the vandalism. This situation closely parallels that in *State v. Ovitt*, 126 Vt. at 327–28, 229 A.2d at 242. We echo the comment there that the facts do not support the application of the alibi

exclusion. This is particularly so in light of the fact that the witnesses involved had been timely identified to the prosecution.

Moreover, as part of its case, the prosecution presented testimony in which a witness claimed to have seen the defendant leave the apartment at a time when the vandalism could have happened, after three o'clock. Defendant's attempt to refute this claimed departure was likewise excluded by the court as part of his "alibi" evidence. Since defendant's evidence was tendered in order to refute testimony regarding a particular location put in issue by the State, its exclusion was error, and a retrial is required.

That being so, and the likelihood that the other claimed errors will not recur on retrial being high, we need not treat them here.

*The verdict and judgment of guilty are set aside and the cause is remanded for a new trial.*

**Peck, J.,** concurring in part and dissenting in part. I agree with the majority that the exclusion of defendant's attempt to refute the prosecution witness testimony that defendant was seen to "leave the apartment at a time when the vandalism could have happened" was error for the reasons stated by the majority.

I am in strong disagreement, however, with both the majority rationale and conclusion drawn therefrom through which the majority holds defendant's attempt to testify that he was in his nearby apartment all afternoon, at least from approximately three o'clock on, did *not* constitute an attempt to establish an alibi for that period of time.

As far as it goes I agree with the majority that "'alibi' evidence relates to a claim of [a] defendant that he was at a place so removed from the scene of the crime that it rendered his participation improbable, if not impossible."

But in relying on *State v. Ovitt*, 126 Vt. 320, 327, 229 A.2d 237, 242 (1967), the majority apparently interpret the wording of *Ovitt*, "so distant from the scene of the offense that his participation in the crime was impossible." *id.* (particularly the phrase

"so distant") to mean that the defendant must be prepared to show that he was somewhere over the hills and far away at the time of the offense.

The words "so far distant" or "so removed from the scene" are uncertain and ambiguous enough to be of no help at all when used without any clarification of the key words "distant" or "so far removed"; the majority offers no clarification. Moreover, although Black's Law Dictionary (Revised Fourth Edition, 1968) also recognizes distance and remoteness in defining "alibi," it adds a third possibility to which the word is applicable: "or under such circumstances that [defendant] could not have committed offense." *Id.* at 95.

If defendant would have testified, had he been allowed to do so, that he was in his apartment "all afternoon," (from approximately 3:00 p.m.) and had the jury believed him, it is manifest that he could not possibly have committed the vandalism of which he was accused, at least during the all-afternoon period referred to. If this does not meet the test of "alibi," I believe the majority has plucked a new and too limited a standard. If his testimony was allowed and believed, his participation in the crime during a period of time when it *could* have been committed was not only improbable, it was completely impossible. The proposed testimony was, therefore, properly excluded because of defendant's failure to give the required notice. It is absurd also to suggest that defendant's proximity to the site of the vandalism has any necessary significance. If a suspect is thirty feet or thirty miles away it is meaningless if, in fact, the distance makes it impossible to commit the offense. It is not difficult to postulate examples. Thus, if an assault is shown to have been committed on one side of an impregnable wall at a given time and a suspect establishes he was on the other side at the critical time, he has an alibi regardless of the fact that the straight-line distance between victim and suspect is only a few feet at the most. I believe the suspect has an alibi and must notify the prosecution should he be charged with the offense.

Finally, the majority opinion is ambiguous and puzzling at one point. After reciting that "the facts do not support . . . the alibi conclusion," the majority adds: "This is particularly so in

the light of the fact that the witnesses involved had been timely identified to the prosecution." Witnesses to what? Supporting the "alibi"? Refutation of certain prosecution's witnesses claiming to have seen defendant's departure from the apartment at a significant time? The majority does not complete the statement or explain the evidence offered or to be offered by these witnesses; rather the majority prefers to leave us to speculate as to the reference.

I would hold the alibi test was not met and was properly excluded.