S. H. O. Bosworth *v.* Chas. DeF. Bancroft.

May Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Watson, Stafford and Haselton, JJ.

Opinion filed August 21, 1902.

*Action for goods sold for taxes—Pleading—Burden of proof.*

When, in an action of tort for goods sold for taxes, the plaintiff has proved his title and the seizure and sale by defendant, he need prove no more, though more be alleged in the declaration.

*Canal Co.* v. *Rockingham*, 37 Vt. 622, commented upon.

Case and trover for goods distrained and sold for taxes. Plea, the general issue.   Trial by jury at the March Term, 1902, Washington County, *Start,* J., presiding.   Verdict ordered for the defendant, and judgment thereon.   The plaintiff excepted.

*T. J. Deavitt* and *Edward H. Deavitt* for the plaintiff.

The burden of proof is on the defendant, the collector. He must show a strict and literal compliance with the requirements of the statute.   He cannot rely upon a valid warrant,

but must show that all previous proceedings are legal. *Colla-mer* v. *Drury,* 16 Vt. 574; *Hathaway* v. *Goodrich,* 5 Vt. 63; *Downing* v. *Roberts,* 21 Vt. 441; *Shaw* v. *Peckett,* 25 Vt. 423; *Works* v. *Cone,* 56 Vt. 603; Cooley on Tax. 798.

*Frederick P. Carleton* for the defendant.

The plaintiff's case shows that a legal and rightful taking of the property in question was made by the defendant, his warrant being regular on its face. This is not sufficient to constitute a conversion. *Gregg* v. *Hill,* 41 Vt. 222; *Nutt* v. *Wheeler,* 30 Vt. 436; *Tucker* v. *Morrill,* 39 Vt. 479; *Abbott* v. *Kimball,* 19 Vt. 557; *Thorp* v. *Robbins,* 68 Vt. 51.

The burden of showing illegalities is on the party who counts upon them. Cooley on Tax. 816. *Douglasville* v. *Johns,* 68 Ga. 423. The taking of property by an officer of the law in pursuance of the duties of that office is presumed to be legal, and any irregularities must be shown by the party claiming them. *Abbott* v. *Kimball, supra; Jenne* v. *Joliff,* 9 Johns. 381; *Noyes* v. *Haverill,* 11 Cush. 338; *Canal Co.* v. *Rocking-ham,* 37 Vt. 9.

ROWELL, C. J.   The first two counts are in case, and allege that the defendant, as tax-collector of the city of Montpelier, had in his hands for collection a tax against the plaintiff, and a tax-bill and warrant, good in form but bad in substance, because the tax was illegally assessed, and that he distrained three shares of plaintiff's bank stock, and wrongfully sold the same to satisfy the tax. The third count is trover for the same stock. The plea is the general issue.

The plaintiff proved that he owned the stock at the time in question, and it was conceded that the defendant distrained and sold the same as alleged, and that thereby the plaintiff's title thereto was devested.

The plaintiff offered no evidence that the tax was illegal; and when he rested, the court directed a verdict for the defend-

ant, and rendered judgment thereon, and the question is whether that was error.

In actions of tort, the plaintiff must show that the defendant has committed an act which, in the absence of excuse or justification, constitutes in law a tort to him, and he need show no more, though more be alleged. If facts exist that justify or even excuse the defendant's act, though they show that he has committed no tort, they constitute an affirmative defence, and must be alleged and proved by the defendant. But the mere form of a plea, though correctly drawn, is not decisive of whether the defence is affirmative or negative, and the general issue in most actions is no guide at all, though it may be regarded as alleging everything that can be shown under it, for the question is one of principle, and the test is the burden of proof, the duty of establishing. Thayer's Ev. 370, 371, and note 2 at page 374; *Hutchinson v. Granger,* 13 Vt. 386, 393.

Now nothing is better settled in the law of this State, than that a tax-bill and warrant, though regular on their face, do not of themselves justify the collector in enforcing them, but that the legality of all previous steps must be shown. This being so, the allegations in the first two counts that the tax-bill and warrant are bad in fact, go for nothing; for without that, no presumption arises that they are good, and so the plaintiff needed not to prove that they are bad. Nor is the allegation that they are regular on their face of any consequence, for that creates no presumption that they are good in fact. It would have been enough to allege that the defendant sold the stock on a tax-bill and warrant, without saying more. And when it appeared that the plaintiff owned the stock at the time in question, and that the defendant devested his title thereto as conceded, a conversion was shown, and the plaintiff had made a case, as nothing had appeared to justify the defendant's act, and therefore the burden of justifying it rested upon him.

The case is not like one in which the plaintiff proves something within the issue that *prima facie* justifies the defendant's act and stops there, for then he proves himself out of court. But here the plaintiff proves something that is not a *prima facie* justification of the defendant's act, and so he does not thereby prove himself out of court.

It is said in *Canal Co.* v. *Rockingham*, 37 Vt. 622, which was assumpsit to recover money paid for taxes, that the burden of proof was on the plaintiff to show that the taxes were illegally assessed. There are two things to be said of that case: (1) There was no question of burden of proof in it, for it was tried on an agreed statement of facts; and (2) there was no question about the justificative quality of a tax-bill and warrant. The only question was as to the validity of the plaintiff's grand list. So it is no authority here.

*Reversed and remanded.*