SAMUEL E. RICHARDSON ET AL. *v.* MILO P. PERSONS ET UX.

(77 A2d 842)

November Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

*Ernest E. Goodrich* for the defendants.

*Richardson & Caldbeck* and *Albert W. Barney, Jr.,* for the plaintiffs.

CLEARY, J. This is an action of contract, under the common counts in general assumpsit, with specifications, for legal services and disbursements. Plea, the general issue. Trial by jury with verdict and judgment for the plaintiffs. Defendant Milo P. Persons, a farmer, not a member of the bar, tried his own case below. When that occurs and the result is unsatisfactory, the litigant must be given the same consideration as any other, no more and no less. The defendants have numbered the points in their brief upon which they rely from 1 to 9. In order to preserve the rights claimed under points numbered 1, 4, 5, 6 and 7 exceptions should have been taken below. Since this was not done we cannot consider the points here. *Campbell* v. *Campbell,* 104 Vt 468, 474, 162 A 379, 85 ALR 626; *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89; *Turner* v. *Bragg,* 113 Vt 393, 404, 35 A2d 356.

■ Under Point 2 the brief quotes testimony and claims from that evidence it is obvious the defendants paid $100 more than the jury allowed them as credits and, therefore, the judgment should be reduced in this Court. The amount of payments made by the defendants was a controverted question of fact and the evidence was conflicting. Therefore, the question was for the jury to decide and the verdict, as shown by the evidence, was reasonably justified. So, this Court cannot interfere. *Bressett* v. *O'Hara,* 116 Vt 118, 122, 70 A2d 238; *Friot* v. *Jordon,* 114 Vt 163, 165, 168, 41 A2d 146; *Hopkins* v. *Veo,* 98 Vt 433, 435, 129 A 157; *Lyndon Savings Bank* v. *International Co.,* 78 Vt 169, 179, 180, 62 A 50; *Catto* v. *Liberty Granite Co.,* 101 Vt 143, 147, 141 A 684.

■ Point number 3 is that "the testimony of an expert witness is inadmissible to determine a controverted ultimate fact in issue." The exception to which it relates was not on the ground briefed but on different, specific grounds. The witness was a lawyer of 39 years experience who had assisted the plaintiffs in the work they had performed for the defendants. Before testifying he had heard the testimony regarding the qualifications of the plaintiffs and the services they had rendered to the defendants. He had already qualified as an expert and was then allowed to give his opinion as to the reasonable value of the services. The general rule is that a witness must state only facts, and not opinion; but that is not a universal rule, and among other exceptions to the rule, experts may give their opinion on matters of science, art or skill. *Cavendish* v. *Troy,* 41 Vt 99, 108; and witnesses may give their opinion as to the value of services, professional or otherwise. *Stone* v. *Tupper,* 58 Vt 409, 412, 5 A 387. So the exception is of no avail.

■ Point 8 concerns defendants' exception to the denial of their motion to set aside the verdict on seventeen different grounds. Their brief considers grounds numbered 1, 2, 8, 9, 10, 11, 12, 13, and 14 together and in support of these grounds of the motion, states that the burden was on plaintiffs to prove their case by the introduction of competent evidence to show the reasonable value of their services rendered to the defendants. A reading of the transcript shows sufficient evidence reasonably to support the verdict. The brief states further that "the specifications filed by the plaintiffs by which they are limited in the scope of the evidence that they are permitted under the law to introduce and also limits

their right of recovery * * * is far from a fully itemized document and certainly does not satisfy the law or fully appraise the defendant of the plaintiffs' claims or limits thereof." No fault is found with the specifications in the motion to set aside the verdict, in fact the specifications are not mentioned in the motion. So the claimed fault with the specifications cannot be raised for the first time here. Claims of error which have not been made below are not available in this Court. *Cook* v. *Holden,* 113 Vt 409, 411, 35 A2d 353, and cases there cited.

Grounds numbered 3, 4, 6, and 15 of the motion were not briefed or argued in this Court and so were waived. *Valiquette* v. *Smith,* 108 Vt 121, 128, 183 A 483; *Cook* v. *Holden,* 113 Vt 409, 411, 35 A2d 353.

Ground 5 asks that the verdict be set aside because the jury gave too much consideration to the testimony of Mr. Witters in regard to the value of the services in view of the fact that he testified "he was not familiar with the services rendered by the plaintiffs herein only such services as they performed in court while he was present." Mr. Witters did not so testify. Then too, there was other testimony regarding the value of the services so the claimed ground cannot avail the defendants.

Grounds 7 and 16 reiterate the claims made under Point 2 of the defendants' brief already discussed supra. Because the evidence was conflicting and the verdict was reasonably justified it must stand as stated above.

Ground 17 is because the court below refused to grant a continuance when Helen B. Persons was sick and under the care of a physician and could not be present in court as a defendant or witness although the defendants offered to produce if necessary sworn affidavits by the attending physicians. Admittedly the defendants failed to comply with sections 1 and 2 of County Court Rule 20. This failure alone is sufficient to sustain the ruling of the court below. The brief also admits that the question of granting a continuance is a matter of discretion but claims the refusal under the circumstances was an abuse of discretion and the defendants were denied their constitutional right to defend themselves. The test of an abuse of discretion in this State is failure to exercise discretion, or its exercise on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *McCutcheon* v. *Leonard,* 114 Vt 38, 40, 39 A2d 348; and an abuse of dis-

cretion must clearly appear in order for this Court to interfere. *Lariviere* v. *Larocque,* 105 Vt 460, 471, 168 A 559, 91 ALR 1514; *Horicon* v. *Langlois,* 115 Vt 81, 85, 52 A2d 888. In the present case the record does not show the circumstances. Hence we are unable to determine the question. *Higgins, Admr.* v. *Metzger,* 101 Vt 285, 296, 143 A 394; *Horicon* v. *Estate of Langlois,* 115 Vt 470, 479, 66 A2d 16, 9 ALR2d 194.

Finally, under point 9 of their brief, the defendants argue that the judgment should be reversed and a new trial granted in order that no injustice be done and cites *State* v. *Malmquist,* 114 Vt 96, 108, 40 A2d 534; *Roberts & Son* v. *Powers,* 115 Vt 185, 186, 55 A2d 124; and *Essex* v. *Fine,* 116 Vt 145, 148, 70 A2d 578. That we have that power is beyond question where the circumstances warrant it but a careful examination of the record fails to convince us that any injustice has been done to the defendants in the present case. *Turner* v. *Bragg,* 113 Vt 393, 405, 35 A2d 356. In fact, the transcript shows that the court was patient and considerate and that the verdict of the jury was amply justified. *The judgment is affirmed.*