**Kenson A. Knight v. Bernard H. Willey**

[138 A2d 596]

November Term, 1957.

Opinion Filed January 7, 1958.

*James B. Campbell* for the defendant.

*Richardson & Caldbeck* for the plaintiff.

**Holden, J.** The plaintiff has obtained a verdict in the amount of $5500 against the defendant on the charge that the

defendant, by persuasion, has wrongfully alienated the affections of the plaintiff's wife, Lillian Knight. There was no allegation of criminal conversation. The defendant presents exceptions to the admission of evidence, statement of plaintiff's counsel in argument and to the denial of defendant's motion to set aside the verdict.

The cause was submitted to the jury on sharply controverted facts. Regarding the factual controversy in a light most favorable to the verdict, it appears that the plaintiff and Lillian Knight were married September 24, 1949. Two children have been born of the marriage. Mrs. Knight maintained marital affection for the plaintiff until sometime in 1954. At that time her attitude toward her husband underwent a marked change that coincided in point of time with the date when the defendant and Mrs. Knight became acquainted. From that time on the plaintiff's wife was frequently away from her home and family during late evening hours. Mrs. Knight and the defendant were often seen together, unaccompanied, in the defendant's automobile and riding horses in secluded areas during both daylight and evening hours. The defendant was an unusually frequent visitor at the Knight home. On occasions he had breakfast with Mrs. Knight after Mr. Knight had departed for work. The defendant had admitted in a conversation with the plaintiff that he had arranged a meeting with Mrs. Knight at Littleton, New Hampshire. On an occasion when the plaintiff protested to the defendant concerning the latter's courtship of Mrs. Knight, the defendant stated to the plaintiff that he had become very fond of the plaintiff's wife and children. The defendant transported Mrs. Knight in his automobile to assist her in investigating matters related to her domestic difficulties. The plaintiff and his wife no longer have any affection for each other and were living separate and apart at the time of the trial.

■ The exception to the action of the trial court in refusing to set aside the verdict is inadequately briefed as to that aspect of the motion that appealed to the trial court's discretion. The supporting brief states merely the defendant's contention, without aid of argument or supporting authorities to point out wherein the claimed abuse of discretion occurred.

By reason of this inadequacy, no question is presented for review. *Randolph* v. *Ketchum,* 117 Vt 468, 476, 94 A2d 410; *Johnson* v. *Moore,* 109 Vt 282, 288, 196 A 246.

■ The other reasons stated by the defendant in support of his motion are to the effect that there is no evidence in the case to justify the award to the plaintiff. This attack upon the verdict for want of supporting evidence is, in nature and substance, similar to a motion for a directed verdict. The ruling of the trial court must be sustained if the evidence, tested in a light most favorable to the prevailing party, supports the result reached by the jury. *Laferriere* v. *Saliba,* 119 Vt 25, 30, 117 A2d 380; *Gould* v. *Gould,* 110 Vt 324, 331, 6 A2d 24.

The evidence, thus considered, does not preclude a recovery by the plaintiff as a matter of law. On the contrary, the evidence presented warranted the conclusion that the defendant intentionally intruded and trespassed upon the marital relations of the plaintiff. Just and reasonable triers of the fact might well decide that the attentions paid to Mrs. Knight by the defendant had progressed sufficiently far beyond the limits of propriety to destroy, in part at least, the woman's affections for her husband. The jury were afforded an adequate basis by the evidence to determine that the defendant should respond in monetary damages for such harm as he may have done to the plaintiff's marital interests. Restatement, Torts, 1938, §684; *Gaudette* v. *Taylor,* 108 Vt 108, 109, 183 A 335. The exception to the denial of the motion to set aside the verdict is without merit.

During the direct examination of the plaintiff as a witness it appeared that on the evening of July 27, 1956, the plaintiff was working at the Fairbanks Morse Plant in St. Johnsbury. His working hours were from 4 P.M. to 12:30 A.M. Over timely objection and exception by the defendant, the plaintiff was permitted to testify that he was called from his work to the lumberyard gate to meet Mrs. Bernard Willey, the wife of the defendant. As a result of this meeting the plaintiff quit his work and went home to find his children alone in the Knight apartment. The plaintiff testified he waited at the apartment until shortly before midnight when he left for Newbury. Other

than the fact that the plaintiff conferred with the defendant's wife, the defendant himself is in no way connected with the events recited. The defendant's objection to the evidence was on the ground that the line of inquiry called for hearsay and was immaterial and prejudicial.

From the testimony as given, no extra-judicial utterance appears. Whatever statement the defendant's wife made to the plaintiff was not given. The hearsay rule is not directly involved.

■ It is apparent, however, from the testimony elicited, that Mrs. Willey was disturbed by some event to call the plaintiff from his work at a late hour in the night. Her visit was sufficiently urgent to incite the plaintiff's suspicion and compel the plaintiff to quit his labor and return directly to his home to watch and wait for his wife's return. Evidence of Mrs. Willey's call at the plaintiff's place of employment was both improper and immaterial. The event as reported by the plaintiff was not connected to any act or participation by the defendant. The proof offered and received did not afford a basis for any rational inference related to the ultimate fact sought to be proved. *Tyrell* v. *Prudential Ins. Co.*, 109 Vt 6, 21, 192 A 184, 115 ALR 392.

■ Although the nature of this action opens a broad field of inquiry and investigation, *Rudd* v. *Rounds*, 64 Vt 432, 439, the circumstantial evidence relied upon must tend to connect the defendant with the wrong charged against him. *Gero* v. *John Hancock Mutual Life Ins. Co.*, 111 Vt 462, 471, 18 A2d 154; *State* v. *Ryder*, 80 Vt 422, 426, 68 A 652.

Although Mrs. Willey was not called as a witness, the import of this testimony was clearly prejudicial. By implication, this testimony brought to the attention of the jury that she was angered and suspicious of the defendant's association with Mrs. Knight. Further, it manifested her active sympathy for the plaintiff's cause. With the Court's approval, the way was opened for indulgence in speculation and conjecture to the defendant's prejudice. *Gero* v. *John Hancock Mutual Life Ins. Co.*, *supra*, at 471. This exception is sustained.

The defendant's second exception developed in the course

of cross examination of the plaintiff. Counsel for the defendant inquired of the witness if he had idly stood by on an occasion about November 2nd when Mrs. Knight was struck down by the plaintiff's brother during an altercation in Bradford. Plaintiff's counsel objected on the ground that this event occurred after the alienation and separation had occurred. The question was excluded over the defendant's offer to show this conduct by the plaintiff in mitigation of damages.

■ The admissibility of declarations and statements concerning the marital relations of the plaintiff and his alienated spouse is confined to statements made before the claimed interference developed. The reason for the restriction is to guard against possible collusion. The rule and the reason underlying it were recently stated in *Parker* v. *Hoefer*, 118 Vt 1, 17, 100 A2d 434, 38 ALR2d 1216, following *Fratini* v. *Caslini*, 66 Vt 273, 275, 29 A 252.

■■ The reason for the restriction disappears when a specific act of misconduct on the part of the plaintiff toward his wife is offered in mitigation of damages. In the husband's action for alienation of his wife's affections the actual character of both parties to the marriage is material to the issue being tried. 1 Wigmore, Evidence, 3rd Ed., §211. The husband's marital misconduct and improprieties are the proper subject for consideration by the jury even after the litigation has commenced. It affords no bar to a recovery in this jurisdiction. However, the jury may properly consider it to determine how sensitive the plaintiff is to the marital injury claimed, —how real is the agony for which he seeks recovery. *Shattuck* v. *Hammond*, 46 Vt 466, 468-471. See also annotation, 68 ALR 560.

■ The scope of cross-examination is generally within the discretionary control of the trial judge. *Bradley* v. *Kelley*, 105 Vt 478, 483, 168 A 554; *Merrihew's Admr.* v. *Goodspeed*, 102 Vt 206, 211, 147 A 346, 66 ALR 1109. But where the witness is a party, there is a right to cross-examine on any material matter whether covered by direct examination or not. *Macauley* v. *Hyde*, 114 Vt 198, 200, 42 A2d 482; *Merrihew's*

*Admr.* v. *Goodspeed, supra,* at 211; *Swerdferger* v. *Hopkins,* 67 Vt 136, 147, 31 A 153. The exclusion of the question was error.

■ The next exception by the defendant occurred in the course of the same cross examination. The plaintiff was asked: "And since this divorce was brought and then you turned around and sued this man for alienation, Mr. Knight, you have attended dances at Orford, did you not?" Answer: "Yes." After reply was made by the plaintiff, his counsel objected, but made no motion to strike the answer. The Court, of its own motion, struck the answer and excluded the question. This question, thus excluded, was directed to a collateral matter. If material at all, it was only remotely connected to the subject matter of the litigation. It did not extend to marital conduct affecting the plaintiff's character. No error appears by way of this exception. *Berard* v. *Dolan,* 118 Vt 116, 120, 100 A2d 581.

Over the defendant's objection the plaintiff offered as an exhibit a certain wrist watch. Previous to the offer the plaintiff had elicited from the defendant that he purchased the watch and gave it to Mrs. Knight's mother, Mrs. Nutter. It also appeared that the plaintiff had forcibly removed the watch from his wife's wrist while attending a drive-in theater with her. The watch was offered in connection with the testimony of both the plaintiff and the defendant as evidence of a gift from the defendant to the plaintiff's wife. The offer was received and the defendant assigns error to its admission.

■ There is danger attendant upon the receipt of any material object in evidence by reason of the natural tendency to infer from its mere production, without further evidence, the truth of all that is predicated upon it. 4 Wigmore, Evidence, 3rd Ed., §1157, page 254. Here, however, the connection of the exhibit with the defendant and Mrs. Knight was adequately founded in the evidence preliminary to the offer to afford its relevancy. The sufficiency of the foundation laid was a preliminary question for the Court. The correctness of its ruling is not ordinarily subject to review. *Hutchinson* v. *Knowles,* 108 Vt 195, 204, 184 A 705; *Woodcock's Admr.* v. *Hallock,* 98 Vt 284, 293, 127 A 380; *Hassam* v. *Safford Lumber*

*Co. and Safford*, 82 Vt 444, 449, 74 A 197. No abuse of discretion appears.

The watch is also the subject of the defendant's next exception. During the examination of Mrs. Knight by counsel for the defendant, the defendant sought to explain the circumstances leading up to Mrs. Knight's possession of the watch and how the defendant happened to bring the watch to the Nutter home. The offer was excluded.

■ The watch was received in evidence as tending to show it was a gift from the defendant to the alienated spouse. The defendant was entitled as a matter of right to explain the possession of the watch to rebut the plaintiff's claim. Although some explanation was received from another witness, the rejection of the testimony of the claimed donee on the very subject of the gift was error. See *Moore's Admr.* v. *Cross*, 86 Vt 148, 149, 84 A 22.

The plaintiff 's mother testified generally concerning the mental anguish suffered by the plaintiff as a result of his domestic difficulty. After replying in the affirmative that there was trouble between the spouses, the witness was asked: "When was that, Mrs. Knight?" The witness replied: "When Mrs. Willey called me up and told me." The answer as given indicates a ready desire on the part of the witness to bring to the jury's attention the fact that the defendant's wife was in sympathy with the plaintiff's cause. Counsel for defendant requested the Court to strike the answer and instruct the jury to disregard the remark. The Court complied with the request. The defendant then requested and was allowed an exception to the asking of the question.

■ An unresponsive answer ordinarily will not produce reversible error. Usually the matter calls for such action by the trial court as justice may require. *Enos* v. *Owen Slate Co.*, 104 Vt 329, 338, 160 A 185. In this situation, the trial court did everything requested of it by the party offended. The question itself was innocuous. We cannot adopt the defendant's unsupported contention that the examiner knew that the unresponsive answer given would be evoked by the question propounded. This exception cannot be sustained.

■ During cross examination of the plaintiff's father-in-law who was called as a witness for the defendant, plaintiff's counsel inquired if he thought the defendant Bernard Willey would make a pretty good son-in-law. Defendant's timely objection was sustained and no answer was given. The defendant excepted to the asking of the question. While this method of cross examination is clearly improper and is to be deprecated, the exception is not sustained unless prejudice is apparent. *Crossman* v. *Perkins*, 101 Vt 94, 95, 141 A 594. Prejudice does not appear from this unanswered question.

■ The defendant assigns error to the argument made to the jury by plaintiff's counsel. It appears that plaintiff's counsel argued, in substance, that incidents such as the one under investigation might lead to murder. Upon objection by the defendant, the trial court stated: "Yes, I don't think any reference should be made to that sort of thing. There is no evidence to show that such a thing does lead to murder, necessarily." The record does not disclose the exact language to which objection was made nor does it show anything further was said by Court or counsel. In any event, the remark was highly improper. It was a lamentable departure from the rule which required counsel to confine his argument to the evidence in the case and to inferences properly to be drawn therefrom. It should have been struck down by the presiding judge as an unwarranted appeal to prejudice. The jury should have been cautioned to disregard it. *Duchaine* v. *Ray*, 110 Vt 313, 321, 6 A2d 28; *Hall* v. *Fletcher*, 100 Vt 210, 213, 136 A 388.

Four of the exceptions taken by the defendant during the trial of this cause have been sustained. Regarding the record in its entirety, the cumulative and combined effect of the errors found, convinces us that the rights of the defendant have been impaired to his legal detriment. *Wilson* v. *Dyer*, 116 Vt 342, 346, 75 A2d 677; *State* v. *Fairbanks*, 101 Vt 30, 34, 139 A 918. A new trial is required.

*Judgment reversed and cause remanded.*