### Alvin J. Lawrence v. Elsa R. Werblow

[173 A.2d 157]

May Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed July 12, 1961

*Sennett & Sennett* for the plaintiff.

*Waldo C. Holden* for the defendant.

**Smith, J.** This is an action in contract brought for the recovery of a real estate commission of five per cent. This, the plaintiff claims, is due him from the defendant upon the $80,000.00 received by the defendant from the sale of certain farm property, under an agreement then existing between the parties. Jury trial in the Bennington County Court·resulted in a verdict for the plaintiff. Defendant moved for judgment *non obstante* in her favor after verdict and before judgment. Upon the refusal to grant such motion by the trial court, and the entering of judgment for the plaintiff, the defendant filed her notice of appeal from the denial of her motion and from the verdict and judgment to bring the case here.

The defendant and her late husband were the joint owners of "Polymeadows Farm" located in Shaftsbury, Vt. The plaintiff had been employed by the defendants as manager of the farm since 1953 and was a college-trained agricultural expert. Mr. Werblow deceased in 1958 and the defendant became the sole owner of the farm after the death of her husband. The plaintiff continued as farm manager under the ownership of the defendant.

There came a time in 1959 when the defendant, in letters to the plaintiff, indicated an interest in selling the farm property. On March 2, 1959 the plaintiff wrote to the defendant stating, "with Mr. Werblow I was getting a 5% commission on sales of breeding stock and this also was to apply to the livestock and tools in any transfer of the farm. I would appreciate a verification of this understanding from you at this time."

On March 6, 1959, the defendant replied to the plaintiff in her letter of that date, in which she wrote, "Yes, I know Mr. Werblow has told you you would get a 5% commission in any sales from or also including the farm itself and I am willing to honour that agreement with you, on any price I realize."

The farm was sold by the defendant on May 3, 1960 for $80,000

to its present owners and this action was brought by the plaintiff on May 24, 1960 to recover his claimed commission.

The motion of the defendant for a judgment in her favor notwithstanding the verdict was upon the grounds that plaintiff had produced no competent evidence of any contract between the parties, and that as a matter of law defendant was entitled to her verdict. The defendant has briefed four claimed errors for our consideration in her claim of error in the lower court which she says should result in a reversal of the judgment below and an entering of a judgment here in her favor.

The first exception briefed is to the admission of testimony by the plaintiff relative to a claimed conversation between the plaintiff, the late Mr. Werblow, and the defendant concerning the terms of a contract between Mr. Werblow and the plaintiff for the payment of a commission to the plaintiff by Mr. Werblow in the event of a sale of the farm, livestock and equipment at the time when Mr. Werblow was still a joint owner of the property.

The contention of the defendant.is that the provisions of 12 V.S.A. §1602, popularly known as the "Dead Man's Statute," made such evidence inadmissible. The section of the statute just cited which the defendant claims is pertinent to the question presented is, "A party shall not be allowed to testify in his own favor where the other party to the contract or cause of action in issue and on trial is dead * * *."

The cause of action here is between the plaintiff and Mrs. Werblow. The only contract here claimed is between Mrs. Werblow and the plaintiff. Any contract that might have existed between Mr. Werblow and the plaintiff could not apply to property sold after his death, and in which his estate had no interest. Nor is this action one where the other party to the contract or cause of action is dead, as the statute provides.

 Mrs. Werblow's letter of March 6, 1959 intimates a willingness to accept the same terms that the plaintiff previously had, relative to a commission, with her late husband. Although the letter of the plaintiff on March 2, 1959 indicates that his arrangement with Mr. Werblow was for a commission to be paid him only on livestock and tools, the letter to him from Mrs. Werblow contains a promise to pay a commission on the farm itself. The contract here sued upon, and the issues raised, were as to the existence and terms of a contract between Mrs. Werblow, this defendant, and the plaintiff. The letter

of the defendant to the plaintiff of March 6, 1959 admitted a knowledge of a previous contract between her deceased husband and the plaintiff and agreed to "honour" such terms in her own agreement with the plaintiff. The evidence of the plaintiff was that the defendant, herself, was present at the time of this talk. We believe that the evidence was properly received by the lower court to show the inducements offered by the defendant to the plaintiff which led him to enter into a contract with her. As stated in *Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 140, 94 A. 497, Ann. Cas. 1918A, 465, "The main object of the statute was to remove and not to create disqualification; and the provisos operate as a limitation or exception, so that competency is the rule and incompetency the exception."

The second exception briefed by the defendant is to the admission of plaintiff's exhibit No. 3, which is the letter of Mrs. Werblow to the plaintiff of March 6, 1959, previously quoted in this opinion.

An examination of the record shows that at the time the letter was offered the attorney for the defendant stated, "We concede the letter contains a sentence which we expect is relevant to the issues here * * *." And shortly thereafter, in the course of the trial below upon plaintiff's offer in evidence of exhibit No. 4, another letter written by the defendant to the plaintiff, defendant's attorney said, "Any letter Mrs. Werblow signed we are not going to deny." Exhibit No. 3 is such a letter. It appears, therefore, that defendant, at the time of objection, conceded the relevancy, in part at least, of exhibit No. 3, and by the later statement waived any objection previously made. No question is presented to us for determination.

An examination of the pleadings in the case is necessary for a proper understanding of the two remaining exceptions briefed by the defendant. The original complaint brought by the plaintiff had attached to it an exhibit A, stated in the complaint to contain the "substance" of the claimed contract between the parties. Exhibit A was a formal contract in form, setting forth in some length a proposed agreement between the plaintiff and defendant for the payment of a commission on the sale of the farm property. It was never signed by either of the parties named, and the evidence in the case was that the parties never agreed on some of the proposed terms.

Before trial plaintiff moved to amend his complaint, which motion was granted. The amended complaint made no mention of exhibit A,

nor was it annexed to it. Exhibit A came into the case when it was introduced by the defendant during cross-examination of the plaintiff. No reference to this exhibit had been made by the plaintiff during the direct examination, and its admission was objected to by the plaintiff.

Plaintiff was examined at some length by the defendant relative to exhibit A, as well as by his own counsel.

In a later re-cross-examination plaintiff was asked if his first complaint was brought on exhibit A, and the question was excluded on objection being made. It is now defendant's contention that the lower court committed error in the exclusion of the question in not allowing the defendant to point out the inconsistencies between the original complaint and the amended complaint upon which the case was tried. The defendant cites the case of *Barclay* v. *Wetmore & Morse Granite Co.,* 94 Vt. 227, 110 A. 1, as authority for her position.

But the holding in the case cited does not apply to the facts here. In the Barclay case the abandoned count was claimed by the defendant to show an inconsistency and it was the plaintiff that the court said could explain any inconsistency, if one existed.

A close reading of the original complaint, and the amended complaint in the case before us, however, fails to disclose any inconsistency between the two. Both complaints declare on an alleged contract made on or about the 6th day of March, 1959, between the parties. Both complaints allege performance by the plaintiff, and non-performance by the defendant. Both call upon the plaintiff to make his expert knowledge of farming and the farm in question available to prospective purchasers in order to further a sale of the premises, and allege that he did so. If any inconsistency did exist by the introduction of exhibit A into evidence, the defendant was in a position to so argue to the jury. No claim is made that the trial court abused its discretion, nor that prejudice resulted to the defendant from the ruling complained of here. The exception is not sustained.

The last exception briefed by the defendant is to the charge of the trial court, her contention being that the charge failed to advise the jury in "more particularity" as to essential aspects of the defense. It is not too clear what aspect of her defense the defendant refers to. It would seem, however, that her contention is that any inconsistency between any agreement the plaintiff might have had with the deceased Mr. Werblow, and the agreement here sought to be recovered upon

between the plaintiff and Mrs. Werblow, would be a defense to this action.

■ But evidence of variation between the two claimed agreements would not be a defense to this action. At most, such variation, if any, would only have an effect upon the decision of the jury as to the terms of the contract between the plaintiff and the defendant. The exception is not sustained.

■ The exception to the action of the trial court in refusing to set the verdict aside and enter judgment for the defendant is not briefed by the defendant. By reason of this inadequacy no question is presented for our review. *Knight* v. *Willey,* 120 Vt. 256, 259, 138 A.2d 596.

*Judgment affirmed.*