## William H. Sawyer v. Maude E. Ewen

[ 212 A.2d 628 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed July 23, 1965

*Gelsie J . Monti* for plaintiff.

*Davis, Martin & Free* for defendant.

**Shangraw, J.** This negligence action was brought in 1955 by the plaintiff against the defendant to recover damages allegedly occasioned to the plaintiff on February 17, 1954. The case was tried in May, 1959, resulting in a verdict for the plaintiff. Defendant filed a motion for

judgment notwithstanding the verdict which was granted by the trial court. An appeal was taken by both parties. The judgment was reversed and a new trial ordered. See *Sawyer v. Ewen,* 122 Vt. 320, 173 A.2d 549.

The case was retried in September 1963 which resulted in a verdict for the defendant. Judgment was entered thereon. It is from this verdict and judgment that plaintiff has taken the present appeal.

Plaintiff assigns error to the exclusion of certain evidence, and also to a portion of the court's charge.

By stipulation of counsel for the respective parties it was agreed that the facts appearing in the first trial of the case shall constitute the facts in the present case, except insofar as other testimony in the present case may be brought to the attention of this Court by counsel for either of the parties. The basic facts appearing in this trial are the same as reported in *Sawyer v. Ewen,* supra.

Briefly, the plaintiff had been boarding with the defendant at her home in Barre, Vermont, since 1938. On February 17, 1954, the veranda roof of the defendant's house was leaking and the defendant asked the plaintiff to shovel the snow off this roof. He had done this before at the defendant's request and for which he had been paid in the past. Plaintiff went up on the roof, and while removing snow caught his foot in a tear, or hole in the roofing paper, some twenty-one by twelve inches in size. A part of the roofing paper adjacent to this hole or tear had raised about four inches above the level of the surrounding area. The roof was covered with a 10-inch depth of snow at the time the plaintiff caught his foot on the torn roofing, causing him sudden pain in the lower back area. Defendant knew that a piece of roofing paper on the veranda roof had curled up, but failed to inform the plaintiff of this fact.

Following the accident the plaintiff suffered great pain. Two days after the accident Dr. Armand C. Archambault strapped his back. Plaintiff's condition was eventually diagnosed as a hernia of the intervertebral disc. In March, 1954, plaintiff consulted an osteopath. Later, in April of the same year, he consulted Dr. Charles Rust who prescribed extended bed rest. No relief resulted. Plaintiff then contacted Dr. Robert G. Fisher of the Mary Hitchcock Hospital of Hanover, N. H., and during November, 1954, after further examination and treatment, an operation was performed on a disc in the plaintiff's back. Plaintiff was unable to work for a long period of time, and of course

was confronted with medical and hospital expenses and loss of earnings. In this action he seeks the usual elements of damages.

■ The plaintiff first complains that the court erred in excluding certain of plaintiff's evidence on cross-examination of the defendant. Under the provisions of 12 V.S.A. §1641, an adverse party may be examined by the opposite party under the rules applicable to the cross examination of witnesses. Examination of witnesses under this section must conform to rules applicable to all examination of witnesses whether direct or cross. *McCauley* v. *Hyde,* 114 Vt. 198, 200, 42 A.2d 482, 21 A.L.R. 2d 205. The extent to which cross-examination shall be permitted is within the sound discretion of the trial court. *Glass* v. *Bosworth* 113 Vt. 303, 306, 34 A.2d 113; *Miller* v. *Pearce,* 86 Vt. 322, 324, 85 Atl. 620. Where the witness is a party, there is a right to cross-examine on any material matter whether covered by direct examination or not. *Knight* v. *Willey,* 120 Vt. 256, 261, 138 A.2d 596.

The defendant was in the kitchen during the entire period while the plaintiff was on the veranda roof. No claim is made that defendant was in a position where she would or could have seen what transpired on the roof. Following the plaintiff's injury he came down and related to Mrs. Ewen what had occurred on the roof.

By a series of questions which were objected to and sustained, the plaintiff attempted to elicit from the defendant what had been told her by the plaintiff. Generally, these questions related to what took place on the roof; whether defendant believed the facts as related to her by the plaintiff; what defendant considered the facts to be regarding the happenings on the roof; the defendant's belief that plaintiff's statements were true; and that defendant believed the plaintiff caught his foot in the curled up piece of roofing paper; also, whether a dangerous condition existed and defendant's views concerning liability.

The foregoing is the general import of the line of cross examination which plaintiff was foreclosed from pursuing and to which he assigns error. It is claimed by the plaintiff that these inquiries were admissible in cross examination on the issue of liability.

■ The plaintiff was first called as a witness and testified as to what took place on the roof. The proposed testimony of the defendant which was excluded was based solely on the information given her by the plaintiff. The defendant makes no claim that the details related to her by the plaintiff were at variance with the facts as testified to by the plaintiff. This evidence was inadmissible as self serving and hear-

say, and properly excluded. *Enos* v. *Owens Slate Co.*, 104 Vt. 329, 336, 160 Atl. 185.

The questions concerning defendant's belief as to the truth of plaintiff's statement made to her about the manner in which the accident occurred would have been nothing more than her opinion on the question of the plaintiff's truth and veracity. Such questions had no probative value and would have shed no light on the issue of negligence. This line of inquiry was improper.

Plaintiff also complains of being prejudically affected by the trial court's refusal to permit the defendant to testify that the raised roof paper constituted a dangerous condition; also her views concerning liability. These were clearly questions to be resolved by the jury. The exclusion of this evidence was proper.

Mrs. Ewen testified that she arrived at a conclusion as to how Mr. Sawyer hurt his back. She was then asked the following questions:

"Q. And did you have any occasion to make a report to any one concerning how he had hurt his back or file any pleadings in this cause, or another cause, in which you stated how Mr. Sawyer had hurt his back?

A. Yes."

The foregoing was objected to and excluded. Then followed a further question:

"Q. In the course of this report you made, what did you state with respect to how Mr. Sawyer obtained his injury?"

This was excluded by the court on its own motion. To these evidentiary rulings exceptions were taken by the plaintiff.

The plaintiff proposed to show by the foregoing that defendant had filed a report which indicated that plaintiff had caught his foot on the upraised tar paper while attempting to turn with a shovel full of snow, which occasioned the injury to his back. Plaintiff urges that this evidence was admissible on the issue of liability. Not having any personal knowledge as to what happened to the plaintiff while on the veranda roof, it becomes self evident that the proposed testimony as to the contents of the report in the above particulars was based solely on the plaintiff's statement to defendant as to what took place while plaintiff was on the roof. No claim to the contrary is made by the defendant. This evidence was inadmissible as hearsay. *Enos* v. *Owen Slate Co.*, supra, p. 336; *Gero* v. *John Hancock Life Ins. Co.*, 111 Vt. 462, 472, 473, 18 A.2d 154.

The plain inference to be drawn from the foregoing testimony is that the report was made to an insurance company. This fact was immaterial and irrelevant to any issue in the case. We have repeatedly held that the introduction of such evidence constitutes reversible error to needlessly bring to the attention of the jury the fact that an insurance company is defending a case. *Bliss* v. *Moore and Stoughton,* 112 Vt. 185, 187, 22 A.2d, 315.

■ Even on cross-examination of a party the latitude of such examination cannot be extended to such an extent as to permit the injection of matters irrelevant to any issue in the case and prejudicial to the party being examined. *Bliss* v. *Moore and Stoughton,* supra, p. 188. The exclusion of this evidence was proper.

Plaintiff's complaint alleges the existence of the relationship of employer and employee, which so far as here material reads:

"(2) On February 17, 1954, the plaintiff at the particular request of the defendant and having been employed by the defendant so to do, was engaged in shoveling an accumulation of snow and ice from the veranda roof of the dwelling house of the defendant."

The plaintiff assigns error to the following portions of the court's charge to the jury:

"The first question for you to decide is whether the Plaintiff was the employee of the Defendant. If you find by the required proof that the Defendant hired the Plaintiff to shovel off her porch roof, and the Plaintiff at the time and place in question was in the performance of this work, then the relationship of employer and employee existed between these parties. If you find the Plaintiff was not then the employee of the Defendant, your verdict will be for the Defendant, but if you find this relationship did exist between these parties, you should then proceed to the question of the Defendant's liability."

The court then proceeded further and stated:

"The essential elements which the plaintiff must prove to establish liability of the Defendant are: First, that the Defendant as employer of the Plaintiff was negligent at the time and place in question . . ."

Defendant urges that the case was tried on the theory that the relationship of employer-employee existed. Defendant claims that by reason thereof it became the law of the case, citing, *Roberts* v. *Gray,* 119 Vt. 153, 156, 122 A.2d 855. See *Perkins* v. *Vt. Hydro-Electric Co.,*

106 Vt. 367, 417, 418, 177 Atl. 631. Defendant asserts that the court had no alternative but to charge on the employer-employee relationship as it did.

█ The undisputed fact is that plaintiff went on the veranda roof for the purpose of removing snow and ice at the defendant's request. Whether or not the plaintiff in the case was an employee of the defendant was unimportant. *Sawyer* v. *Ewen*, supra, p. 323. By alleging the existence of employer-employee relationship, more facts were pleaded than necessary. It is a familiar rule in this State that a party by pleading more facts than are necessary does not thereby obligate himself to prove them. *Healey* v. *Cady*, 104 Vt. 463, 467, 161 Atl. 151; *Humphrey* v. *Twin State Gas & Electric Co.*, 100 Vt. 414, 424, 139 Atl. 440, 56 A.L.R. 1011; *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 110, 130 Atl. 758; *Bosworth* v. *Bancroft*, 74 Vt. 451, 52 Atl. 1050.

The defendant testified that she had known of the condition of the roof for some time previous to the incident in question, and that its condition was not made known to the plaintiff by her. One of the important issues in the case was whether there existed on the roof a dangerous and defective condition, known to the defendant but unknown to the plaintiff, which the ordinary prudent person would recognize was likely to cause injury to the plaintiff in doing the kind of work he was requested to do in the absence of being warned of that condition. This issue was properly submitted to the jury.

█ The presence or absence of an employer-employee relationship between the parties was not a controlling factor in the case. The critical fact was that plaintiff was on the veranda roof at the request of the defendant. *Sawyer* v. *Ewen*, supra, p. 323. By the Court's charge a fiinding by the jury of the existence of such relationship was made a prerequisite to the plaintiff's right of recovery, notwithstanding other issues present in the case. It was a binding charge and precluded recovery by the plaintiff in the absence of a finding by the jury that plaintiff was an employee of the defendant. The charge arbitrarily disregarded any other relationship. The plaintiff was not bound by the allegation that he was acting as an employee of the defendant. The latitude given by the jury in this respect was too restricted by the charge, and prejudicial error appears.

There must be a reversal. For this reason other portions of the charge, to which plaintiff assigns error, need not be considered.

*Reversed and remanded.*