## Shell Oil Company v. Edward H. Milne and Dolby & Lilly, Inc., Trustee

[ 246 A.2d 837 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 1, 1968

*Monte & Monte* for the Plaintiff.

*Edward H. Milne pro se.*

**Shangraw, J.** Plaintiff brought this action in general assumpsit and filed specifications setting forth the alleged indebtedness owing by the defendant.

Dolby & Lilly, Inc., a Maine corporation, and the employer of the defendant, was properly served as trustee. The trustee disclosed that it owed the defendant for wages the sum of $39.08 for the week

ending August 12, 1967 over and above the statutory exemption provided for in 12 V.S.A. §3020(5).

On December 15, 1967 judgment was entered in the Washington District Court against the trustee for the above amount, and also against the principal defendant for $381.50. The defendant has appealed from this judgment order.

The defendant moved to dismiss the action, on the ground that the trustee process, which issued in the proceedings, was an unconstitutional deprivation of due process of law under the 14th Amendment to the Constitution of the United States, and by reason thereof plaintiff's resort to trustee process ousted the court from jurisdiction in this case. This is the single question briefed by the defendant, and before us for review.

Chapter 121 of 12 V.S.A. sets forth actions in which trustee process is available, and persons and property subject to trustee process. The statutory authority for the issuance of trustee process in this case is found in 12 V.S.A. §3011 which reads:

"Actions founded on a contract express or implied, and actions for an accounting or on book account, brought in a county or municipal court (now district) or before a justice, may be commenced by trustee process."

A related statute, 12 V.S.A. §3018, also provides:

"Any money or other thing due the defendant may be attached by trustee process before it has become payable, provided it is due absolutely and without contingency. The trustee shall not be compelled to pay or deliver it before the time fixed by the contract."

12 V.S.A. §3020(5) as amended in 1966 imposes certain limitations under which wages or compensation for work or labor performed may be attached by trustee process. No question arises here as to the amount of defendant's wages properly withheld and not subject to exemption under the statute.

Many states refer to this form of attachment as garnishment, rather than trustee process,—a difference in name only. Trustee process or garnishment is a part of the remedy provided by statutes for the collection of a debt.

■ A state may by appropriate legislation authorize the attachment or garnishment of property within its borders, subject to the

limitations of the federal and state constitutions. 6 Am.Jur.2nd Attachment and Garishment, §5; 38 C.J.S. Garnishment §3(a).

The purpose of trustee process is to enable the plaintiff to subject to the payment of his claim, property of the defendant in the hands of a third person.

Such an attachment, being conditional and temporary, and part of the legal remedy and procedure by which property of a debtor may be taken in satisfaction of a debt, if judgment be recovered, is not the deprivation of property without due process of law contemplated by the 14th Amendment to the Constitution of the United States. *McInnes* v. *McKay,* 127 Me. 110, 141 A. 699, affd. 279 U.S. 820, 49 S.Ct. 344, 73 L.Ed. 975.

■ An attachment or garnishment is not a deprivation of property without due process of law within the meaning of constitutional provisions, inasmuch as there must be an adjudication of the rights of the parties before the property can be subjected to the plaintiff's claim. *Byrd* v. *Rector,* 112 W.Va. 192, 163 S.E. 845, 81 A.L.R. 1213.

By the trustee process in this case, the wages in question were merely detained temporarily pending the final outcome of the case. Until, and unless the plaintiff obtained a judgment, defendant's wages in the hands of the trustee were immune from the plaintiff's grasp. Under no circumstances could they be converted into cash and applied on the plaintiff's demand prior to the final adjudication of the merits of the controversy between plaintiff and the defendant.

■ The established rule is that every presumption is to be made in favor of the constitutionality of an act of the Legislature and it will not be declared unconstitutional without clear and irrefragable proof that it infringes the paramount law. *Village of Waterbury* v. *Melendy,* 109 Vt. 441, 447, 199 A. 236, 239; *State* v. *Auclair,* 110 Vt. 147, 156, 4 A.2d 107.

■ The defendant was afforded a reasonable opportunity to be heard and defend the action on the merits. He rejected this opportunity by staking his resistance to the claim on the bare assertion that plaintiff's resort to trustee process is unconstitutional. His claim in this regard is without merit and, accordingly, the judgment order must be affirmed.

*Judgment order affirmed.*