### Heaton Hospital, Inc. v. Laura P. Emrick and State of Vermont, Trustee

[264 A.2d 806]

No. 138-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 7, 1970

*Martin, Free & Bernasconi*, Barre, for Plaintiff.

*Laura P. Emrick, pro se.*

**Shangraw, J.** The defendant's son, Steven Emrick, a minor, was admitted to plaintiff, Heaton Hospital, Inc. on June 5, 1968 and discharged from the hospital on June 14, 1968. The total amount due for its services was $330.80. Of this amount $260.20 was paid by an insurance company. Plaintiff seeks to recover the balance of $70.60 together with interest and costs.

The case was heard by the District Court of Vermont, Unit No. 5, Washington Circuit, and findings of fact were filed. The court determined that the foregoing balance was owing by the defendant and entered judgment in favor of the plaintiff in the amount of $70.60, together with interest of $4.99, plus taxable costs of $14.80, a total of $90.39. The defendant has appealed.

The State of Vermont was summoned as trustee in said cause and disclosed that it owed the defendant for wages $130.52 subject to the statutory exemption. In the light of the Wisconsin case, *Christine Sniadach* v. *Family Finance Corporation of Bay View, et al.,* 23 L.Ed.2d 349, 395 U.S. 337, 89 S.Ct. 1820, which ruled that prejudgment garnishment of wages, without notice and an opportunity to be heard, is unconstitutional as a violation of procedural due process, the State of Vermont moved that the cause of action as to the trustee be dismissed. This motion was granted prior to trial.

For the purpose of making out its case, the plaintiff called the defendant as a witness and was permitted to examine her under the rules applicable to the cross-examination of a witness. Prior to her examination she stated "I object to taking the stand but I will if the Court wants me to." The Court then stated "You are in Court and can be called as a witness." The defendant did not indicate to the court the reason underlying her objection to testify. At no time did she decline to answer any question upon the ground that her testimony, or any of the answers, would tend to incriminate her.

The defendant first claims in her brief that she was denied due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States because she was directed by the trial court to take the witness stand and testify when she had objected to doing so.

■ The privilege not to give self-incriminating evidence does not exist for practical purposes unless claimed by the person entitled to it. 58 Am.Jur. Witnesses, section 79.

■ The privilege against self-incrimination extends to the right to refuse to testify as to a fact which would be a necessary link in a chain of evidence to prove the commission of a crime by the witness or would be the source from which evidence of his commission of a crime might be obtained. 98 C.J.S. Witnesses, section 436. See cases cited under Note 40.

■ A witness is not privileged to refuse to answer on the ground that his answer might expose him to a civil action or pecuniary loss, as by tending to establish a debt. 98 C.J.S. Witnesses, section 446.

■ Whatever may have been the motive for defendant's objection to testify it was not made known to the court below. There is nothing in the record, or in defendant's brief, from which it may be even remotely inferred that the testimony in question produced any link in a chain of evidence which would tend to incriminate the defendant of any criminal offense.

■ ■ This point was not made or urged in the trial court. Having been made in this Court for the first time, it is not appropriate to raise the question here. *Verchereau* v. *Jameson*, 122 Vt. 189, 193, 167 A.2d 521. A question cannot be brought to this Court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *Kinney* v. *Cloutier*, 125 Vt. 109, 112, 211 A.2d 246. Defendant's claim of self-incrimination is without substance or merit.

In addition, the defendant claims that 12 V.S.A. section 1641 entitled "Adverse party as witness" is contrary to the Fourteenth Amendment to the Constitution of the United States, and that it is invalid as applied to the instant case. This question was not raised below and therefore is not for consideration here. *Verchereau* v. *Jameson, supra,* 193.

Plaintiff, as well as the defendant, each refer to section 1641, *supra,* in their briefs as being in effect at the time of trial. We call attention to the fact that section 1641 (formerly V.S. section 1742) was replaced and its scope enlarged by No. 261, section 68, of the Public Acts of 1959. Section 1641, *supra,* was superseded by section 43 of Act No. 261, and with certain changes is now covered and contained in 12 V.S.A. section 1641a.

■ In our interpretation of 12 V.S.A. section 1641, and before its repeal, this Court has repeatedly held that where the witness is a party, there is a right to cross-examine on any material matter whether covered by direct examination or not. *Sawyer* v. *Ewen*, 125 Vt. 196, 198, 212 A.2d 628; *Knight* v. *Willey*, 120 Vt. 256, 261, 138 A.2d 596. This right was preserved in 12 V.S.A. section 1641a, which replaced section 1641.

■ The established rule is that every presumption is to be made in favor of the constitutionality of an act of the legislature and it will not be declared unconstitutional without

clear and irrefragable proof that it infringes the paramount law. *Shell Oil Co.* v. *Milne, et al.,* 127 Vt. 249, 251, 246 A.2d 837; *Village of Waterbury* v. *Melendy,* 109 Vt. 441, 447, 199 A. 236, 239, *State* v. *Auclair,* 110 Vt. 147, 156, 4 A.2d 107.

Upon the facts presented, and for reasons claimed, we hold that the examination of the defendant, as a party, had statutory sanction, and that such examination did not invade or violate her constitutional rights.

*Judgment affirmed.*

**Holden, C.J.,** concurring. I concur that the judgment of the lower court must be affirmed. The evidence and the findings require this result. In my view, the interest of orderly appellate procedure requires our review to end there.

The record in this appeal affords no occasion to construe 12 V.S.A. § 1641a,—much less to test its validity in terms of constitutional dimension. The statute was not called into question in the hearing below; there was no mention of it.

When the defendant was called, she stated merely "I object to taking the stand but I will if the Court wants me to." No incriminating evidence was given; none was called for. No privilege was claimed; there was no occasion for it.

No objection to the validity of a statute should be considered which is not presented in the record on appeal. *Flint* v. *Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, 424. Aside from consideration touching jurisdiction, it has been a firmly imbedded rule of this Court to limit appellate review to questions raised at the trial. Constitutional questions have not been decided unless essential to a final determination of the case. *State* v. *Graves,* 119 Vt. 205, 207, 122 A.2d 840; *Hanley* v. *United Steel Workers,* 119 Vt. 187, 192, 122 A.2d 872. The circumstance that the defendant appeared in her own behalf, without aid of counsel in a civil cause, affords no justification for departure from established rules of appellate procedure. *Richardson* v. *Persons,* 116 Vt. 413, 414, 77 A.2d 842.