# Edward H. Milne v. Shell Oil Co.

[278 A.2d 741]

No. 7-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 1, 1971

376

*Edward H. Milne, pro se.*

*Monte & Monte,* Barre, for Defendant.

**Barney, J.** The Shell Oil Company obtained a judgment against Milne in an action sounding in contract. Execution was returned unsatisfied, and Shell brought suit on the judgment, serving on two other parties as trustees. These proceedings became subject to court rules governing trustee process, promulgated in response to the constitutional doctrine announced in *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820 (1969). The party Milne, appearing *pro se,* is here questioning the authority of this Court to establish and enforce such rules, and he is also testing certain of the procedures followed in the hearing below.

The rule in question is, with minor variations of no significance here, Rule 4.2(j) of the new Vermont Rules of Civil Procedure. It sets a specific dollar wage limit below which no attachment is permitted, as well as fixing the amount or percentage of the wage subject to attachment where it exceeds the $48 weekly minimum. This rule is attacked as an invasion of the legislative function. The argument advanced centers

on the action of the Court in assigning specific dollar values to the limits stated in the rules.

■■ Although it is the legislative function to enact laws, in matters of constitutional doctrine it is a judicial function to set limits. The *Sniadach* case made it clear that the procedural aspects of garnishment or trustee process were subject to testing under the Due Process Clause. Since the enactment of 12 V.S.A. § 1, the rule-making power of the judiciary, always inherent, has had express recognition. It is in the exercise of that strictly judicial, entirely non-legislative, function that the court rule in question was promulgated. The fortuity that constitutional limits in this instance could have numerical definition, rather than the more usual verbal description, does not alter their validity, nor make their expression any less an exercise of proper judicial authority.

■ The appellant took exception to being called as a witness in the court below. This is permissible in a civil suit, even though the party objects. 12 V.S.A. § 1641a. His objection goes a little deeper than this, however, since he bases it on possible self-incrimination.

■ This defense is available in both civil and criminal litigation. *Heaton Hospital, Inc.* v. *Emrick*, 128 Vt. 405, 264 A.2d 806 (1970); *Childs* v. *Merrill*, 66 Vt. 302, 306 (1894). However, it is not a blanket justification for refusing to testify. Without commenting on any possible waiver, we would only point out that the privilege against self-incrimination, as it pertains to a witness or civil litigant, is not one that avoids the summons to the stand, but is one interposed against specific questioning where the threat of self-incrimination is present. *Heaton Hospital, Inc.* v. *Emrick, supra,* 264 A.2d at 808. This procedure was not followed in this case, and, on the stand, the appellant did not invoke the privilege in connection with any specific question asked him. He was asked no questions by the appellee, and interrogated only briefly by the court. He then, from the stand, made statements and gave testimony in his own behalf. No issue of self-incrimination has been shown. *Heaton Hospital, Inc.* v. *Emrick, supra,* 264 A.2d at 809.

■ The appellant made certain requests for findings to the court. He now would fault the court for not responding to, or ruling on, each of those requests. In the interest of expedition, it is customary for triers to handle requests without specifically ruling on each one. Those not incorporated in the findings are treated as refused, and, if such refusal amounts to error, the question is automatically preserved for review on appeal, if briefed, if the party concerned wishes to raise it. The rights of the appellant in this particular are fully protected by statute. 12 V.S.A. § 2385.

■ The appellant contends that the trustee wrongfully withheld more of his pay than the new rules of court authorize. No issue is raised about the amount of the judgment assessed against the money in the hands of the trustee, but only that the withholding included money exempt from attachment or judgment. This does not impinge on the claim of the creditor-appellee, or invalidate its judgment. Therefore, Shell Oil Company is entitled to collect the adjudicated amount from the trustee.

Something does need to be said, apparently, about procedures under trustee process. The *Sniadach* case invalidates attachment of wage earnings without a previous hearing determining the validity of the claim. The policy is to prevent the unjustified use of a form of economic coercion. To this end, statutory policy in this state, as in others, has, for a long time, been directed against any attachment of total wages. 12 V.S.A. § 3020.

■ The new rules are consistent with this objective. The amounts stated in the statute, and now in the rules, are exempt from trustee process. They are not subject to that manner of attachment, and may be paid over to the employee by the trustee without liability, since they are part of the exceptions referred to in the phrase "except as hereinafter provided" in 12 V.S.A. § 3013.

■ *State* v. *Rogers*, 123 Vt. 422, 425, 193 A.2d 920 (1963), indicates it is the duty of the trustee to await judgment before making payment from attached funds. But this direction applies to monies properly subject to withholding by attachment under trustee process, not to those specifically

exempt under the law. Unless some other right or claim properly intervenes, the wage earner is entitled to receive such money notwithstanding the trustee process. This is the purpose of their exemption.

The last point raised by the appellant relates to the failure to furnish him with a copy of the motion of a trustee to be discharged in advance of hearing. This occurred after the announcement of the *Sniadach* doctrine, but before the new rules were in effect. The motion for discharge was denied, since the ground advanced was failure to follow the rule of *Sniadach*, a ground unavailing in a suit on a judgment, as this is. Therefore no right, not equally available to be raised by the appellant up to and including the time of hearing, was lost, and no prejudice has been shown. The oversight does not, therefore, qualify as a ground to reverse the judgment. *Brunelle* v. *Coffey*, 128 Vt. 367, 264 A.2d 782, 783 (1970).

*Judgment affirmed.*